## EDWARD C. MURRAY *et al.*

### *v.*

## CHARLES H. BECKWITH.

1. FRAUD—*in. obtaining note.* Under the eleventh section of the chapter entitled "Negotiable instruments," a plea, to be sufficient, must aver facts which show that the fraud and circumvention was used in the obtaining the making of the note, and not in the contract or in the consideration of the note. A promise not to assign a note, and to hold it, and allow a set-off, made when the note was given, and when the note was assigned before maturity, is not the fraud contemplated by the statute, and does not constitute a defense in the hands of an assignee before maturity.

2. EVIDENCE—*admissibility of.* Where there is evidence tending to show that the holder of a note, by endorsement before maturity, had notice of a defense, or the evidence tended to show such circumstances connected with the purchase of the note as would have awakened the suspicions of a reasonably prudent man that there was a defense, and to put him on inquiry, it is error for the court to reject evidence of a failure of consideration under an issue on such pleas, and, when admitted, these questions are for determination by the jury.

APPEAL from the Superior Court of Chicago; the Hon. JOSEPH E. GARY, Chief Justice, presiding.

The facts in this case are fully stated in the opinion.

Mr. F. S. HOWE, for the appellants.

Messrs. TYLER & HIBBARD, for the appellee.

Mr. JUSTICE WALKER delivered the opinion of the Court;

This was an action of assumpsit, on a promissory note. The declaration contained a special count by the assignee against the maker, and the common counts. Appellants filed the plea of the general issue, and two special pleas of part failure of consideration, on all of which issues were formed; and a fourth plea in which it was averred that the note was obtained by fraud and circumvention; that, prior to the execution of the note, appellants had purchased of the payees a large quantity of tobacco, and had agreed to pay them the sum of $19,867.47, all of which appellants had paid except the sum specified in the note; that the tobacco was sold to them by sample, and that the payees in the note warranted that the goods should be equal to the samples; that the tobacco was not equal to the samples, but of less value, and that by reason thereof appellants had suffered loss to the amount of the note; that payees, at the time the note was given, knew the tobacco was not equal to the samples, and that appellants were entitled to damages and a reduction on the price, but the amount was not known; that payees were residents of the State of Missouri, and to induce appellants to make the note did falsely and fraudulently represent that they were threatened with a malicious prosecution and attachment in this State, and they feared their property, in the hands of appellants, would be seized, and they subjected to great costs and trouble; and that they falsely agreed and promised, that if appellants would execute the note, they would not assign the same, and would allow appellants, on the note, all damages they might be entitled to

by reason of a failure of the warranty; that they relied upon these representations and executed the note, and for no other consideration, but in fraud of the agreement they had assigned the note to appellee; that the representations were made falsely and fraudulently with the intention of obtaining the note, and then to assign it to bar appellants of their defense to the note. To this plea appellee filed a general demurrer, which was sustained by the court, and appellants abided by their plea. A trial was afterwards had, resulting in a verdict against appellants, and judgment was rendered on the verdict. The case is brought to this court, and various errors are assigned upon the record.

Was this a good plea under the eleventh section of the chapter entitled "Negotiable Instruments," of the Revised Statutes? It declares that if any fraud or circumvention be used in obtaining the making or execution of any of the instruments named in that chapter as negotiable, such fraud or circumvention may be pleaded in bar to any action brought on such instrument, whether brought by the payee or any assignee of such instrument. It has been repeatedly held, that to bring a note within the provisions of this section, the fraud and circumvention must relate to the procuring its execution, and not to any fraud in the consideration. In the case of *Woods* v. *Hynes*, 1 Scam. 103, a plea was interposed, that the instrument was given for a quantity of goods purchased on the fraudulent representation of the payee, the goods being less in quantity than represented, and deficient in quality. The court there said that this did not constitute a defense under this section; that the fraud attempted to be set up consisted in the contract itself, and not in the obtaining the making of the note. It was further said that the payee could recover the value of the goods in a suit on the note, and this being so, that the assignee before the note matured, held it free from the defense set up by the plea.

50—48TH ILL.

In the case at bar, the fraud consisted in the contract, and not in the obtaining the making of the note. The payees could have recovered the value of the tobacco in a suit on the note, and hence it was not void. It is true, the plea avers that the deficiency in the value of the tobacco purchased was equal to the note, but it also avers that the amount of the damages thus sustained was not known, and that they would hold the note and allow appellants on the note such damages as they were entitled to by reason of the breach of warranty. There is no averment that the payees knew the extent of the damages. Appellants do not pretend that the note was written differently, in amount or in its terms, from the intention of both parties. And it also appears that appellants knew at the time they gave the note that there had been a breach of the warranty ; and if there was any fraud in the case it consists in a violation of the promise not to assign the note and to allow the makers a reduction for damages resulting from the breach of warranty on the sale of the tobacco. The fraud, then, if there was any, occurred after the note was made, and when it was assigned to appellee. If appellants had desired to protect themselves and the business community, they should have inserted the promise, to allow a deduction of damages, in the note, and then persons proposing to take it in the course of business would have been notified that it was subject to a defense.

The cases of *Mulford* v. *Shepard*, 1 Scam. 583, and *Easter* v. *Minard*, 26 Ill. 494, announce the same rule as that of *Woods* v. *Hynes*; and we think those cases are decisive of this, and that the demurrer to the plea was properly sustained.

But it remains to determine whether the court erred in rejecting evidence offered by appellants. If the facts were true that there was a failure of consideration, either in whole or in part, and appellee had notice of the fact at or before the time he purchased the note, then appellants had the right to show it under their pleas. This question depends upon notice

to appellee, as, if he had notice, then the evidence of a failure of the consideration should have gone to the jury; and if there was evidence tending to show such notice, the court should have permitted the evidence, on both points, to be passed upon by the jury. Was there any evidence tending to prove such notice? or did appellee receive the note without paying any consideration, in fact, for the note? If there was evidence from which the jury could have inferred either of these propositions, then the evidence of the failure of consideration should have been permitted to be introduced.

The evidence that a note on a firm perfectly solvent, for a large sum of money, within three days of its maturity, should be sold at a discount of three hundred and fifty dollars or more, and the holder receive in payment the note of the purchaser at ninety days' time, and the fact that the makers were in business but a few blocks off, and the holder offering good paper at such a discount and receiving payment in that mode, we think tended to prove that appellee had notice of the defense, or may have been sufficient notice to put him on inquiry. It was not the province of the court below to say whether these facts were sufficient to prove such notice, but if they tended, although the court might think but slightly, to prove such notice, it should have gone to the jury for their consideration. To hold otherwise would be to permit the court to assume the functions of the jury, and to deprive them of their exclusive right to weigh the evidence and to find the facts. We think this evidence tended to show notice, either that there was a defense claimed, or of such facts as should have put appellee on inquiry. It would, however, be outside of the limits of the duty of this court to say whether they were sufficient to prove the fact. That is a question alone for the jury, when it shall be presented to them for determination.

While commercial paper should be well protected, and the holder should be secured against unreasonable risk in its

purchase, still the maker has a right to his defense whenever he can show that the assignee had notice of a defense, or the sale is made under such circumstances as would naturally excite the suspicions of a reasonably prudent man that the paper was subject to a defense. If such circumstances exist, then it becomes his duty to make inquiry. The assignee should be required to act in good faith when he purchases, but should not be required to exercise extraordinary prudence. Common prudence is all that should be required. If he purchases paper over due the law holds that he takes it under such circumstances as put him on inquiry, and so if he takes it before maturity, under such circumstances as would induce a prudent man to believe that there is a defense.

For the error of the court below in rejecting the evidence of a failure of consideration, the judgment must be reversed and the cause remanded.

*Judgment reversed.*