JAMES B. STEVENSON

*v.*

WM. M. O'NEAL *et al.*

ASSIGNEE WITHOUT RECOURSE—*how far protected.* In a suit by the assignee in good faith, and for value, of a note assigned, without recourse and before maturity, and without any knowledge on the part of the assignee of any claim of defense by the maker, the mere fact that the assignment is without recourse is not sufficient to charge the assignee with notice of a defense against the note, on the part of the maker, nor is it sufficient to put him on inquiry in reference thereto.

WRIT OF ERROR to the Circuit Court of McLean county.

Messrs. STEVENSON & EWING, for the plaintiff in error.

Messrs. WELDON & BENJAMIN, for the defendants in error.

Mr. CHIEF JUSTICE BREESE delivered the opinion of the Court:

This was an action of debt, in the McLean circuit court, on a sealed obligation. The plea was *nil debet,* with a stipulation that defendants might prove any defense they could prove if specially pleaded under good pleas.

The jury found for the plaintiff a small portion of the debt claimed, and a sum in damages, which, added to the amount

of debt found due, did not amount to more than one-third of the debt and damages claimed by the plaintiff, for which the court rendered judgment.

To reverse this judgment, the plaintiff brings the record here, by writ of error.

The contest, in the court below, was on the consideration of the note, and did the plaintiff take the assignment for value, and under such circumstances as to relieve him from inquiry as to the consideration.

The note was assigned some months before due by the payee, without recourse, for value, to Henry A. Ewing, and by him, without recourse, for value, to the plaintiff. There is no question about the value paid by plaintiff. The only question is, does the assignment of a negotiable note, months before its maturity, for value received, without recourse, raise a suspicion of an infirmity in the consideration, and is it sufficient to prompt inquiry in a reasonably prudent man into the consideration, who is about to take the note for value, by assignment?

It is strenuously urged by counsel for defendant, that such a writing upon a note or sealed obligation to pay money, raises a suspicion of some infirmity in the note, other than the ability of the maker to pay. We do not doubt such an indorsement might aid in creating such a suspicion, and would put the assignee on inquiry; but we have searched for authority establishing the proposition to the extent claimed for it, but in vain. Defendants cite two cases decided by this court as sustaining the position, but we do not read them so. In *Russell* v. *Hadduck*, 3 Gilm. 233, the court said, where a party is about to receive a bill or note, if there are any such suspicious circumstances accompanying the transaction, or within the knowledge of the party, as would induce a prudent man to inquire into the title of the holder or the consideration of the paper, he shall be held bound to make such inquiries, or if he neglects so to do, he shall hold the paper subject to all equities—in other words, he shall act in good

faith, and not wilfully remain ignorant when it was his duty to inquire into the circumstances, and know the facts. But in this very case, Hadduck, who was claiming as assignee, testified that he suspected there was some reason why the holders, Newbury & Burch, desired to sell the bill, but what the reason was he did not know, but was informed and believed it was for the purpose of enabling them to assert their just and legal rights. Now, notwithstanding Hadduck had his suspicions and made no inquiry, he had judgment.

*Murray* v. *Beckwith,* 48 Ill. 391, from the language of the opinion as found therein, shows a very different state of facts from that appearing in this case.

There were two questions in that case: one, was there any notice to plaintiff of failure of consideration? Did he receive the note without, in fact, paying a consideration for it? If there was evidence from which the jury could have inferred either of these propositions, the evidence of failure of consideration should have been admitted.

The court say, the evidence that a note on a firm perfectly solvent, for a large sum of money, within three days of its maturity, should be sold at a discount of three hundred and fifty dollars or more, and the holder receive in payment the note of the purchaser at ninety days time, and the fact that the makers of the note were in business but a few blocks off, and the holder offering good paper and such a discount, and receiving payment in that mode, we think tend to prove appellee had notice of the defense, or may have been sufficient notice to put him on inquiry.

The vast difference between that case and this is very obvious. In that case, the facts so clearly stated as tending to prove appellee had notice of a defense, or even sufficient to put him on inquiry, are many and various. The simple, solitary fact, that a note is assigned "without recourse," in mercantile or ordinary transactions in negotiable paper, has reference to the ability of the maker to pay. In many cases —and the rule, if established, must be general—an assignee

of negotiable paper would have no means of inquiring into the consideration.

This note was under seal, and imported a consideration, and it is proved it bore upon it the payment of one year's interest. Was not this fact sufficient to repel a suspicion of failure of consideration? The plaintiff gave full value for the note. It had several months to run, and he satisfied himself that one of the makers was able to pay it. Would a reasonably cautious man, under these circumstances, have done more? Should he be required to do more? What is there suspicious about the transaction? We see nothing. The plaintiff testifies he had no knowledge of the controversy which had been carried on about the sale of Cashmere goats, for which this note, with others, was given, and was not mixed up in any way with it. We are not willing to hold, under the facts disclosed by this record, that the plea of failure of consideration should prevail, the assignee having taken the note, before maturity, in good faith, with no knowledge of any equities in favor of the makers and defendants.

The court gave all the instructions asked, and as asked, except plaintiff's 14th instruction, which the court modified, and, we think, properly.

But as to the failure of consideration, we are not satisfied, taking the proof on that point in connection with the proof of notice of defense, that justice has been done. It appears to us, the principal in this note has received nearly or quite the consideration expressed in it, and they repeatedly declared they had lost nothing by the goat purchase. The case ought to be again tried, though this is the second trial. In the first trial, plaintiff obtained a much larger verdict than the present, and though it is important an end should be put to litigation, it is equally important justice should be approximated at least.

The judgment is reversed, and the cause remanded for a new trial.

*Judgment reversed.*