REEVE and another vs. THE LIVERPOOL, LONDON & GLOBE INSURANCE COMPANY and another.

BURDEN OF PROOF. *Onus on defendant in action by indorsee of commercial paper taken in regular course of business, to show not only fraud but that plaintiff is chargeable with notice of it.*

When an indorsee of commercial paper, in an action by him thereon, has shown that he took it in the *usual course of business* (as by showing that he was a banker at the place where the payee resided, and purchased the paper at its face, on the day after its date), the burden is then upon the defendant to show, not only that the paper was obtained by the payee's fraud, but that the circumstances were such as to charge the plaintiff with notice of the fraud, or at least put him upon inquiry.

APPEAL from the Circuit Court for *Winnebago* County.

Action upon a bill of exchange drawn upon the defendant company by its general agent, in payment of a loss under one of its policies issued to the payee. Defense, that the bill was obtained by fraud on the part of the latter. The facts are stated in the opinion.

By direction of the court, the jury found for the plaintiffs; and from a judgment on the verdict, the defendant company appealed.

The cause was submitted on briefs.

*Jackson & Halsey*, for appellant, to the point that payment of value did not relieve the plaintiff from the necessity of showing *bona fides*, and that the burden of proof on the latter question was upon him and not upon the defendant, cited 2 Greenl. Ev., § 172; 1 id., § 79; Edwards on Bills, 688, 691; *First National Bank v. Green*, 43 N. Y., 298; *Munroe v. Cooper*, 5 Pick., 412; *Bailey v. Bidwell*, 13 M. & W., 76; *Grant v. Vaughan*, 3 Burr., 15, 16; *McKesson v. Stanberry*, 3 Ohio St., 156; 9 Barn. & Cress., 208; 31 Iowa, 342; *Kinney v. Kruse*, 28 Wis., 183; *Smith v. Braine*, 3 Eng. L. & E., 379; *Harvey v. Towers*, 4 id., 531; *Small v. Smith*, 1

Reeve and another vs. The Liverpool, London & Globe Ins. Co. and another.

Denio, 583; *Wardell v. Howell*, 9 Wend., 170; *Vallett v. Parker*, 6 id., 615; *Skilding v. Warren*, 15 Johns., 270; 45 Mo., 249; 39 id., 372. They also contended that payment of value was at most mere evidence of good faith, to be weighed by the jury against the presumption of bad faith attaching to the holders of the draft on account of the fraud in obtaining it; and that the court should therefore have received the offered evidence of the fraud, and submitted the question of plaintiff's good faith to the jury.

*Geo. W. Burnell*, for respondent, contended that proof of the payment of full value for the bill before maturity was *prima facie* proof of good faith; and as plaintiff had proved that in the first instance, the burden was then upon defendant to show notice of the fraud. Edwards on Bills, 686–7, 321, note 9; 1 Parsons on B. & N., 188, note (*h*); 47 N. Y., 143; 35 id., 65; 54 id., 288; 5 Barn. & Ad., 909; 10 A. & E., 684; Smith's L. C., 610, 264; *Hall v. Featherstone*, 3 Hurl. & N., 284; *Fitch v. Jones*, 32 Eng. L. & E., 134; *Catlin v. Hansen*, 1 Duer, 309; *Hart v. Potter*, 4 id., 458; *Ross v. Bedell*, 5 id., 462; *Corby v. Butler*, 55 Mo., 398; *Horton v. Bayne*, 52 id., 531; *Goodman v. Simons*, 20 How., 343; 14 Wis., 461; 11 id., 353; 16 Pet., 1; 2 Wall., 110, 121; 22 How., 96; 37 Pa. St., 366; 54 N. Y., 288; 56 id., 137.

COLE, J. This case presents a question of some practical importance as to the burden of proof. The action is upon a bill of exchange, drawn by its agent on the defendant company to pay a loss on one of its policies, and indorsed by the insured, the payee, to the plaintiffs. The company answered, stating facts which showed that the bill was obtained through fraud on the part of the payee, and alleging that the plaintiffs knew, or had good and sufficient reason to know, the facts and circumstances connected with the obtaining of the bill. The plaintiffs proved, as a part of their case, that they purchased the bill the day after its date, from the payee, and paid the full

face thereof; and that they had been the owners of the same ever since. Then, after showing that the bill had been duly protested for nonpayment, the plaintiffs rested. Thereupon the company called a witness and offered competent evidence to prove the facts set up in its answer, showing that the payee fraudulently obtained the bill; but at the time such evidence was offered, the counsel for the company stated that the above was all it was intended to prove by the witness. The evidence was objected to, and excluded, for the reason that the company had not shown that the plaintiffs had any knowledge of the fraud, and because no foundation had been laid for the evidence by showing that the plaintiffs had notice of such facts and circumstances as should put them upon inquiry before the purchase of the bill.

Considering the very intelligent judge before whom the case was tried, and the able counsel on both sides engaged in the cause, it is unreasonable to assume that the proposed evidence was objected to and excluded for the reason or upon the ground that, before the company should be allowed to prove the existence of the fraud, it must *first* show that the plaintiffs knew of it or had notice of circumstances which should have put them upon inquiry. Had the counsel for the company stated, when he made the offer, that the evidence would be followed by proof showing that the plaintiffs were chargeable with notice when they took the bill, doubtless the proposed evidence would have been admitted. Therefore we think it would be unjust to all concerned to consider any other question than the main one which is discussed by counsel, viz: When the company had shown, or offered to show, that the bill was obtained by the payee through fraud, did the burden rest with the plaintiffs, in addition to what they had already shown, of proving a want of notice; or was it incumbent upon the company to prove that they had such notice? The counsel for the company insists that when it was shown that the bill was fraudulently obtained, then the *prima facie*

presumption of good faith was overthrown, and the burden of proof shifted from the company to the plaintiffs, who were required to show not only that they purchased the bill for value in the usual course of business, as they did do, but were further bound to prove that they took it in good faith, without notice of any fraud. It was incumbent on the plaintiffs, as the counsel claims, to establish both of these facts when it appeared that the bill was fraudulently obtained by the payee from the company; and in support of this position he has cited a large number of authorities which contain language bearing more or less directly upon the question before us. But we think a careful examination of these authorities will show that they do not meet the precise point to which they are cited.

It will be borne in mind that as a part of their case, the plaintiffs had shown that they purchased the bill of the payee the day after its date, paying therefor its face; and the fact that they were bankers doing business in Oshkosh is admitted by the pleadings. The state of the proof then, so far as they were concerned, was this: They had proven that they had taken the paper before maturity, in the usual course of business, and had paid therefor full value. These facts were clearly established. When it appeared that the bill was fraudulently obtained by the payee, were they bound to go further and show that they had no notice of any fraud, in other words, to prove a negative? Or was the *onus probandi* cast upon the company of showing notice? This precise question is considered and decided in *Catlin v. Hansen*, 1 Duer, 310; *Hart v. Potter*, 4 id., 458; *Ross v. Bedell*, 5 id., 462. In *Catlin v. Hansen*, CAMPBELL, J., says: "When the plaintiff shall have shown that he is a holder for value, upon whom does it rest to give the proof as to notice? We think the burden of proof shifts back upon the defendant. It may often occur that the plaintiff, in giving proof of value paid, will furnish for the defendant evidence of notice, in cases where

there has been collusion. But where the plaintiff is really a *bona fide* holder, it may well be that he may prove the payment of value without being able to give any evidence as to notice, because none exists. Besides, as the law now is in this state, the defendant has always the means of proof in his power, in all cases where he can rely upon the oath of the plaintiff, because he can at will·place him on the stand as a witness. In cases, therefore, where there is fraud, or strong suspicion of fraud, made out by the defendant, the holder of a promissory note or bill of exchange, who sues for its recovery, must then show that he received it before its maturity, and for a valuable consideration; and if he succeeds in this proof, the defendant, to defeat a recovery, must establish, if he can, that the note was received by such holder with notice of the fraud." p. 324.

Within the doctrine of these cases, which are the only ones to which we were referred where the question of the burden of proof as to notice is considered, the plaintiffs were not bound to show, in addition to what they did prove, that they had no notice of the fraud in obtaining the bill by the payee, if fraud there was. The burden of proving facts sufficient to charge them with notice rested on the company; and this evidence it was not proposed or offered to give on its part. Unless this evidence were given, that excluded would be no defense to the action. We do not understand the court ruled that it was necessary to show that the plaintiffs took the bill with positive knowledge of the fraud; but that they took it under such circumstances as to fairly charge them with notice, or put them on inquiry. We see no valid objection to that ruling.

These remarks dispose of the material point in the case, and must result in the affirmance of the judgment.

*By the Court.* — The judgment of the circuit court is affirmed.