## John W. Howry and others v. Isaac Eppinger and another.

*Promissory notes: "Secured by mortgage:" Evidence: Copy: Variance.* An objection to the admission in evidence of the note sued upon, because it varied from the copy set out in the declaration, in that it contained the words "secured by mortgage," which did not appear in the copy, is held not well taken where it was accompanied by an admission of counsel that he was not misled by the omission.

HOWRY *v.* EPPINGER.

*Promissory notes: Endorsements: Evidence.* An objection to the introduction in evidence of the note in suit, because the endorsements were not proven, will not prevail where the payees have endorsed in blank, and are made defendants and fail to deny the execution; notes after such endorsement would pass by delivery, and it would not be necessary to prove subsequent endorsements.

*Promissory notes: "Secured by mortgage:" Notice: Inquiry: Contents of mortgage.* The words "secured by mortgage" written upon a promissory note form no part of the note, and do not operate to limit or impair its value; nor are they sufficient to notify third parties of the contents of the mortgage, or that it contained some clause inconsistent with the note, or to put them on inquiry. If it be the intent to limit the effect of the note by the terms or conditions of the mortgage securing its payment, language appropriate to express it must be employed.

*Promissory notes: Mortgage security: Notice: Authority to sell: Bona fide purchaser.* Where a note purporting to be secured by mortgage has been endorsed in blank by the payee and put into the hands of an agent to dispose of, the purchaser having notice of the contents of the mortgage, which showed that the mortgagee was a different person from the payee of the note or the seller, would not be bound thereby to surmise that such seller had obtained the note wrongfully and had no authority to part with it, nor would such notice be sufficient to put him on inquiry.

*Promissory notes: Blank endorsement: Authority to sell: Notice: Instructions to agent.* A purchaser of notes endorsed in blank from an agent with full authority to sell cannot be prejudiced by any violation by the agent of his instructions as to the manner of making the sale, or as to the disposition of the proceeds, where the purchaser had no notice of such instructions; beyond the apparent general right with which such agent is thereby clothed, third parties would not be bound to inquire.

*Negotiable paper: Purchasers: Inquiry: Possible defenses: Notice.* It is not the duty of parties about to purchase negotiable paper to make inquiries not required by good faith as to possible defenses of which they have no notice, either from any thing appearing on the face of the paper, or from facts communicated to them at the time.

*Promissory notes: Bona fide purchaser: Equities of prior holders.* Where an agent in possession of promissory notes endorsed in blank, with full authority to negotiate them, has turned them out as collateral to advances made and to be made to him, and has afterwards directed their sale, a *bona fide* purchaser would not be affected in any way by the state of the account between his vendor and such agent as to the advances.

*Practice: New grounds of objection.* New grounds of objection cannot be put forward in a court of review which were not distinctly made in the court below or fairly brought to the judge's attention.

*Promissory notes: Bona fide purchaser: Dealings between firms having members in common: Notice.* Where a firm have received, as collateral to advances, notes endorsed in blank, from an agent having authority to sell the same, and such agent afterwards instructs them to sell, another firm, one of whom is a member of both firms, may become *bona fide* purchasers of the paper and entitled to protection as such; there is nothing in such a connection between two firms that would necessarily preclude a sale in good faith from one to the other, where neither had notice of any thing wrong.

*Heard April 12. Decided April 18.*

Error to Saginaw Circuit.

HOWRY *v.* EPPINGER.

*D. W. C. Gage,* for plaintiffs in error.

*Wisner & Draper,* for defendants in error.

MARSTON, J:

Eppinger and Lehman brought action to recover the amount due upon a promissory note signed by the defendants Wiggins, and made payable to the order of defendant Howry. There were three other actions commenced by the same plaintiffs against the same defendants, upon similar notes given at the same time, except that one was signed by Howry and made payable to the order of defendants Wiggins. In all other respects the facts in each case were alike; they were therefore, under a stipulation between counsel, argued and submitted as one case.

These notes were secured by mortgage, and on the margin of each note was endorsed the words "secured by mortgage." Each was endorsed by the payee in blank, and also by Oliver P. Burt, who was also made defendant. The case was afterwards and before trial discontinued as to him, and his endorsement erased.

It also appeared that these notes were by Oliver P. Burt left with Eppinger, Russell & Co., as collateral security for advances before then and afterwards to be made by them to him; that upon the 3d of December following (1873), Burt, by letter, authorized Eppinger, Russell & Co. to negotiate and sell these notes; that upon the receipt of that letter and upon the 13th day of December, Eppinger, Russell & Co. sold these notes to the plaintiffs, for the full amount of them, less the usual discount, credited Oliver P. Burt with the proceeds, and rendered to him a statement of account showing the amount so credited, and to which he made no objection. Upon the 6th of April, 1874, Eppinger, Russell & Co. were notified by Willis Clary that he claimed to own the notes. It also appeared that the mortgage given to secure payment of these notes was executed some time

after the execution of the notes, and after they had been left with Eppinger, Russell & Co. as collateral; that the mortgage was given to Willis Clary as mortgagee, and showed that these notes belonged to him. Plaintiffs claimed to be *bona fide* holders.

Several errors are alleged, which will be noticed in their order so far as deemed material.

*First.* When the notes were offered in evidence it was objected that they varied from the copy set out in the declaration, in that the words "secured by mortgage" did not appear in the copy. The object in requiring a copy to be set forth in the declaration was for the benefit of the defendant so that he might be prepared to meet the plaintiff's claim. Counsel for defendants admitted at the time he made the objection, that he was not misled by the omission, but insisted upon his legal right to have a perfect copy. We think the defendants have no just cause of complaint, so long as they were fully apprised of the plaintiff's claim, and were not misled in any way or surprised by reason of the omission. They could not insist that every thing appearing upon the face of the notes, either in the shape of embellishments or otherwise, should appear in the copy given. These words were really no part of the note, and it was not necessary that they should appear in the copy given.

*Second.* Another objection made to the introduction of the notes was, that the endorsements were not proven. The payees had endorsed the notes in blank; they were defendants and did not deny the execution. The notes, after such endorsement, would pass by delivery, and it would not be necessary to prove subsequent endorsements. We see no error in this ruling. This covers the first two objections as noticed in the brief.

*Third.* That the court erred in not charging the jury in compliance with the third, fourth and fifth of defendants' requests, which in effect were, that the words "secured by mortgage" formed a part of the notes, and were notice to Eppinger, Russell & Co. of the contents of the mortgage,

that it was given to Willis Clary, to whom the notes belonged, or that it was at least sufficient to put them upon inquiry, and that if they failed to make such inquiry, then plaintiffs, in either event, could not recover.

As we have already said, the words "secured by mortgage" formed no part of the notes. The object and intent of the parties in putting these words upon the notes was not to limit or impair their value, but to add to it. It was not to notify third parties that the mortgage contained some clause inconsistent with the notes, and which would destroy or affect their negotiable character. One object undoubtedly was, to show they were the notes referred to in the mortgage and thus connect them. But the principal one was, to show that in addition to the responsibility of the makers they were also secured by mortgage. If the makers intended to limit the effect of the notes by the terms or conditions of the mortgage securing their payment, they should have done so by language which could admit of no doubt as to its intent and meaning. We think these words were neither sufficient to inform third parties of the contents or terms of the mortgage, or to put them upon inquiry. If, however, we should hold that these words were sufficient to put Eppinger, Russell & Co. upon inquiry, or even inform them of the contents of the mortgage, still these defendants would not be benefited thereby, as there was nothing in the mortgage, even had it then been in existence, tending in any way to impair their value or render them non-negotiable.

It is true the mortgage would have shown that Willis Clary had owned and was at one time entitled to these notes. They had, however, been made payable to the order of J. W. Howry (and defendants Wiggins), and by them endorsed in blank. It also appeared that at or shortly after the execution and delivery of these notes to Clary, he placed them in the hands of Edwin Burt with directions to negotiate them; that upon the suggestion of Oliver P. Burt they were left

with Eppinger, Russell & Co., and afterwards by them ne-
gotiated as before stated.

It would seem to be clear, therefore, that even if Eppin-
ger, Russell & Co. should have had actual knowledge of the
contents of the mortgage, yet that nothing was contained
therein suggesting any defense to the notes, or showing that
Burt was not at the time these notes were deposited and
negotiated the owner thereof, or that he did not have full
power to negotiate them.

It is equally clear from the defendant's own showing, that
Clary had clothed Edwin Burt with full authority to nego-
tiate these notes, and that if he exceeded his authority or
instructions in any way, it was in not negotiating them in
the manner pointed out by Clary, and in not afterwards
accounting to Clary for the proceeds.   Of this, however,
Eppinger, Russell & Co. had no notice; and a violation by
Burt of his instruction in these respects could not affect
them.   Clary had given him the right to negotiate them,
and had placed in his hands the notes endorsed in blank.
Beyond the apparent general right which Burt thus had,
third parties in this case were not bound to inquire.

These requests were, however, erroneous in another respect.
They requested the court to charge, that because of these
words appearing upon the notes, Eppinger, Russell & Co.
should have made inquiry as to the mortgage and its con-
tents; failing to do so, they are chargeable with notice of
the contents of the mortgage, and are not, therefore, *bona
fide* holders.

It is not the duty of parties about to purchase negotiable
paper to make inquiries as to possible defenses, unless either
from something appearing upon the face of the paper, or
from facts communicated to them at the time, they could
not honestly purchase without making further inquiry; in
other words, that they acted in bad faith.—*Miller v. Finley,
26 Mich., 254.*

*Fourth.* That the court erred in not charging the jury,

that if Burt had paid the advances in full to Eppinger, Russell & Co. which they made, then plaintiffs could not recover; and if not paid in full, then plaintiffs could only recover the amount unpaid, and that the plaintiffs' right of recovery was no better than Eppinger, Russell & Co., as requested by defendants in their sixth, seventh and eighth requests to charge.

If Eppinger, Russell & Co. were the owners of the notes at the time suit was commenced, then clearly plaintiffs could not recover whether the advances made had been repaid or not. Plaintiffs claimed to have purchased these notes from Eppinger, Russell & Co., as before stated, and to be *bona fide* holders. This question, as to whether they had purchased in good faith, for a valuable consideration at the time stated, was by the court distinctly submitted to the jury, and they were instructed that unless they so found, then plaintiffs could not recover. Under the theory upon which the plaintiffs claimed to recover, and the charge of the court upon this branch of the case, it was wholly immaterial whether the advances made by Eppinger, Russell & Co. to Burt had been by the latter repaid to them.

Counsel under this head also claimed that as Eppinger was a member of the firm of Eppinger, Russell & Co., and also of the firm of Eppinger & Lehman, the sale of these notes by the former to the latter firm was void, upon the principle that an agent whose duty it is to sell cannot become the purchaser.

We doubt whether this particular objection was raised in the court below. The requests to charge are undoubtedly broad enough to raise this question; but in the court below they were placed upon other grounds, and this particular one was not mentioned, and it is one that might not readily occur to the court. Under such circumstances justice to the judge before whom the cause was tried requires the particular objection to be pointed out. And counsel also should be informed of the objections intended to be covered by a request, else it serves as a mere trap and no good can result

from such a course.    We do not, however, see any objection to the transfer made upon this ground.    If Eppinger, previous to the transfer, had received such knowledge that he or the firm of Eppinger, Russell & Co. could not have become *bona fide* holders of this paper, there might be reasons for holding that the firm of Eppinger & Lehman would be chargeable with such knowledge.    If Eppinger was aware of no defect in Burt's authority to sell the paper, there was nothing to prevent him and his associates buying it.    And if Burt assented to the sale to these plaintiffs, as it clearly appeared he did, the question now made is not in the case, as these defendants are in no position to raise this question.

The court properly excluded the letters of August 17th to O. P. Burt, as they had no connection with this matter.

We do not find any error in the record.    The judgment must be affirmed in each case, with costs.

The other Justices concurred.