## GUTWILLIG VS. STUMES.

PROMISSORY NOTES: *(1) Rights of indorsee as against subsequent acts and declarations of indorser: Evidence: Presumption as to date of indorsement.*

APPEAL TO SUPREME COURT. *(2) Waiver of right to a new trial.*

1. In an action upon two promissory notes, by a second indorsee, after the notes, duly indorsed, had been put in evidence, the evidence for defendant was, that after one of the notes fell due, and before maturity of the other, the payees attended a meeting of the maker's creditors to consider the question of a compromise, and stated the amount of their claim, including the notes in question; that several days afterwards a compromise in writing was signed by said payees and other creditors, by which they agreed to take forty per cent. in discharge of their claims, in case all the creditors should sign the agreement; but said payees did not at that time state the amount of their claims. One of the payees then testified for plaintiff, that they sold and delivered the notes to the first indorsee one or two days before the date of the written compromise, for about 70 per cent. of their face. There was no evidence that such payees had agreed with the other creditors, or with defendant, to sign the compromise, before they actually signed it. *Held,*

(1) That independently of the evidence, the *presumption* was that the notes were negotiated before due.

(2) That the compromise signed by the payees *after* negotiating the notes did not affect the rights of the purchaser or his indorsee.

(3) That subsequent *declarations* of the payees that they held the notes at the time of signing the compromise, would not be admissible in evidence against plaintiff.

(4) That the failure of the payees to disclose the fact that they had negotiated said notes, at the time of signing the compromise, did not throw upon plaintiff the burden of showing that he purchased in good faith and for value; such notes being valid against defendant for their full amount even in the hands of the payees, at the date of their negotiation.

[(5) That an oral agreement by the payees, before the negotiation of the notes, to sign the compromise of their entire claim, including such notes (if made, and if binding in law), would not have defeated plaintiff's right to recover the whole amount of the note negotiated *before maturity*, without knowledge on his part of such agreement; nor would it have thrown upon him the burden of proving the absence of such knowledge.]

Gutwillig vs. Stumes.

(6) That upon the evidence plaintiff was entitled to recover the full amount of both notes.

2. When a motion for a new trial has been granted, the moving party may *waive* his right under the order, without prejudice to his right to *appeal* from the judgment afterwards entered.

APPEAL from the Circuit Court for *Milwaukee* County. The case is thus stated by Mr. Justice TAYLOR:

"This action was brought to recover the amount due upon two promissory notes given by the defendant to Heller, Bro. & Co. or order, both dated August 14, 1877, for ·$271 each; one payable in forty days, and one in sixty days after date. Plaintiff introduced the notes in evidence, duly indorsed by the payee and one L. M. Kohn, and rested his case.

"The defendant, as a defense to the action, was permitted to show that he made a compromise with his creditors by which they all agreed to take forty cents on the dollar of the amount of their claims, to be paid in thirty days after the date of the compromise; that the compromise was in writing, and signed by all the creditors, including Heller, Bro. & Co. (except L. M. Kohn and the plaintiff, if they or either of them were creditors at the date of the compromise). The date of the compromise was October 13, 1877. Heller, Bro. & Co. placed no amount opposite their signature. There was evidence that Simon Heller, of the firm of Heller, Bro. & Co., was at a meeting of the creditors of *Stumes* several days before the 13th of October, 1877. At this meeting Heller claimed that they were creditors of *Stumes* for something over $700, and the notes in question constituted a part of said amount. When afterwards asked why he did not put down the amount of his claim, he stated that he did not care to have it advertised all over town how much *Stumes* owed him, or any one else who had failed. There does not appear to be any evidence that Heller said he was a creditor to the amount of $700 or more at the time he signed the com-

promise paper. The compromise paper was conditioned that it should not be binding unless signed by all the creditors.

"All the evidence on the part of the defendant was received under objection, and when the defendant closed, the plaintiff moved to strike out the testimony on the part of the defendant, on the ground that it did not make out, or tend to make out, a defense to the plaintiff's action. The motion was denied, and the plaintiff excepted.

"Simon Heller was then sworn on the part of the plaintiff, and testified that he sold and delivered the notes in question to L. M. Kohn, on the twelfth of October, 1877; that the consideration for the sale was $375; that the compromise paper was first handed to them for signature two days after the sale, and one day after the notes were delivered to Kohn; and that at the time he signed the compromise paper *Stumes* owed them about $200, the amount of book account. Heller swore that he did not attend the meeting of creditors when any agreement was made as to compromise; that he came to the meeting, but went away before anything was done, and did not know that it was proposed to compromise at forty cents on the dollar. The defendant also proved that he had tendered Heller, Bro. & Co. forty cents on the dollar for his whole claim, including these notes.

"Under the instructions of the court, the jury returned a verdict for the plaintiff, for $216.82."

From a judgment on the verdict, plaintiff appealed.

The cause was submitted for the appellant on briefs of *Carpenter & Smiths.*

For the respondent, there was a brief by *Jenkins, Elliott & Winkler*, and oral argument by *Mr. Winkler.*

TAYLOR, J. We are of the opinion that the verdict is entirely unsupported by the evidence given on the trial. We find no evidence of any agreement made by Heller, Bro. & Co. either with *Stumes* or the other creditors to sign the com-

promise paper, until he signed the same; nor is there any evidence that when they signed it, they declared that they were creditors to the amount of $700.

All the evidence, presumptive and direct, relating to the time when the notes were transferred to Kohn, shows that they were transferred before the compromise papers were signed. The presumption of law arising from the mere production of the notes is, that they were both negotiated before they became due; and the positive proof shows that one was negotiated after it was due, and the other before. As the evidence does not show that Heller, Bro. & Co. had made any agreement to sign the compromise papers until after the notes were both sold, the signature of such agreement after the sale was made could not affect the rights of the purchaser, even as to the note that was past due, and no act or declaration of Heller, Bro. & Co., after the notes appear to have been transferred to Kohn, could in any way change the rights of Kohn or his indorsee. If the jury were justified in disbelieving the evidence of Heller, I cannot see that the presumption of the law, that the notes were transferred before they became due, was overcome in any way by the evidence of the witness Heller; and, neither Kohn nor *Gutwillig* having signed such compromise, they are not bound by it, and are entitled to recover the whole amount due on the notes, unless it can be shown that the plaintiff holds the notes as a mere trustee for the firm of Heller, Bro. & Co.

When the plaintiff had made out a presumptive right to recover, upon the production of the notes in court, properly indorsed, no mere declaration or admission of Heller not made as a witness in the trial could destroy such right. In order, therefore, to destroy the plaintiff's right to recover, it was incumbent on the defendant to show, by affirmative proof, that the notes were not sold and transferred by Heller, Bro. & Co. before the signature by them of the compromise paper; and proof that Heller, Bro. & Co. had stated or admitted that

they held these notes at the time of the signature of the compromise paper could not be admitted as evidence of the fact against the plaintiffs.

Upon the evidence, as it stood when the defendant rested his defense, the plaintiff was clearly entitled to ask the court to direct a verdict in his favor for the amount of both notes. The defendant had not, as I understand the evidence, shown that Heller, Bro. & Co. had agreed to sign the compromise papers for the whole amount of their claims, including the notes, nor that they held the notes when they did in fact sign the same. The defendant knew their signature was not accompanied with a statement of the sum they then claimed as due them; and the only bad faith which could be attributed to them was, that they concealed the fact that they had in fact parted with the notes. This fact did not, we think, change the burden of proof, and require the plaintiff to show that he purchased the notes in good faith and for a valuable consideration.

The notes, having been transferred to Kohn before Heller Bros. signed the compromise papers, and before they had made any agreement to sign, were, at the time of the transfer, and in the hands of Heller, Bro. & Co., valid notes against the defendant for their full amount; the payees could have maintained an action upon them for the full amount thereof; and nothing which appears to have been done by them up to that time would have defeated such action. Having transferred the notes whilst the rights of the payees were in no way impaired by anything then done by them, the indorsee took them with such right of recovery unimpaired, and nothing thereafter said or done by the payees could impair such right. But, had it been proved that Heller, Bro. & Co. had agreed orally with the other creditors to sign the compromise papers for their entire claim, including the notes, and had afterwards signed the compromise agreement in the manner they did, such oral agreement on the part of the payees, ad-

mitting the same to be binding in law upon them, would not defeat the plaintiff's right of action for the whole amount of the note which was not due at the time the same was transferred to him or his immediate indorser, unless knowledge of such agreement had been brought home to him at or before the time he took transfer of the note; nor do we think that such evidence would be sufficient to cast the burden of proof upon the plaintiff, of showing that he had no notice of such agreement at the time he purchased the note. *Reeve v. Ins. Co.*, 39 Wis., 520; *Catlin v. Hansen*, 1 Duer, 310; *Hart v. Potter*, 4 Duer, 458; *Ross v. Bedell*, 5 Duer, 462; *Kelley v. Whitney*, 45 Wis., 110–117; *Stevenson v. O'Neal*, 71 Ill., 314; *Howry v. Eppinger*, 34 Mich., 29–33; *Croft v. Bunster*, 9 Wis., 504; *Collins v. Gilbert*, 94 U. S., 753–760, 761.

As the whole evidence in this case shows that, at the time the notes were transferred to the plaintiff's immediate indorser, they were valid and existing claims for the full amount due and to become due upon them, we do not think the transfer of them was such a fraud upon either the maker or the other creditors of the maker, as should change the burden of proof, and require the plaintiff to show affirmatively, by positive proof, that he purchased them in the usual course of trade, for a valuable consideration.

In order to cast the burden of proof upon the holder of a promissory note, of showing that he paid value therefor, it is necessary that the defendant should show that the note or bill is founded in fraud, or was fraudulently put in circulation. See cases above cited, and *Smith v. Braine,* 16 Ad. & E., N. S., 250; *Bailey v. Bidwell*, 13 M. & W., 73; *Fitch v. Jones*, 5 El. & Bl., 238; *Harvey v. Towers*, 6 Exch., 660; *Hall v. Featherstone*, 3 Hurl. & Nor., 284; *Mills v. Barber*, 1 M. & W., 432; *Tucker v. Morrill*, 1 Allen, 528; *Sistermans v. Field*, 9 Gray, 331; *Brush v. Scribner*, 11 Conn., 390; *Smith v. Sack Co.*, 11 Wall., 139–147; *Noxon v. De Wolf*, 10 Gray, 343–347; *Ranger v. Cary*, 1 Met., 369–373.

Upon the whole evidence in the case, we think the plaintiff was entitled to judgment for the face of the notes, and that the court erred in not directing a judgment for the plaintiff when the defendant rested his case, and in refusing the instructions asked by the plaintiff when the case was finally submitted to the jury.

It is urged that the appeal in this case should be dismissed because the plaintiff made a motion in the court below for a new trial, the court granted the motion and ordered a new trial upon the payment of ten dollars costs, and the plaintiff declined to pay the costs imposed, and thereupon judgment was rendered upon the verdict, and the plaintiff appealed to this court. It is urged that, as the only relief which the plaintiff can get in this court is a reversal of the judgment and a new trial, he should not be permitted to appeal from the judgment when the court below sets aside the verdict and grants a new trial. Without determining the question whether a party is justified in refusing to take the benefit of his motion because it is granted upon terms which he deems unjust, we are disposed to hold that, as a rule of practice, the party moving for a new trial may, after the same is granted, waive his motion without prejudice to his right of appeal from the judgment, if one be thereafter entered in the action. It may be for his interest that the questions in the case should be settled by this court before a new trial is had, as the settlement of the law of the case might do away with the necessity of a new trial altogether, or at least relieve the parties from the cost of litigating questions which it might otherwise be deemed necessary to litigate upon such new trial.

We are unable to see that any great evil can result from permitting the party moving for a new trial to waive the benefits of his motion; and when he does so, and judgment is entered upon the verdict, such waiver is certainly no bar to his right to appeal to this court from the judgment so entered, in order to review any errors which may have been committed upon the trial.

*By the Court.*— The judgment of the circuit court is reversed, and the cause is remanded for a new trial.