FREDERICK BUHL ET AL. v. JEROME TROWBRIDGE, LORENZO
D. LEONARD AND SETH HOLCOMB.

*Indorsement not part of a note—Idem sonans—Swearing the jury.*

A receipt written upon a note for a part of the amount, and a
memorandum that it had been protested for non-payment are no
part of the note and need not appear in the copy served with
the declaration in a suit on it.

"Trobridge" for "Trowbridge" is not a material variance in naming
defendant in a declaration on a promissory note.

A stipulation was made between the plaintiffs on a note and one of
the defendants, that the cause might be dismissed as to him,
but he did not avail himself of it, and no order of discontinuance
was entered. Only one of the other defendants pleaded. *Held*
that the technical irregularity of swearing the jury to try the
issue between the plaintiffs and the *defendants*, when no issue
had been joined with two of them, was a harmless blunder, and
as no order was entered on the stipulation the party with whom
it was made remained a defendant in form.

Case made from Kent. Submitted October 17. De-
cided October 28.

ASSUMPSIT. Plaintiffs had judgment below.

*Simonds & Fletcher* for plaintiff. Irregularities in the
form of the oath administered to the jury should be
objected to at the time. *Looper v. Bell*, 1 Head (Tenn.),
373; *Candler v. Hammond*, 23 Ga., 493.

J. *Mason Reynolds* for defendant. The omission from
the copy of a note served with a declaration on it, of an
indorsement of part payment and a memorandum of
protest, and a variance between the names of a defend-
ant as given in the declaration and the copy are fatal
defects under the statute authorizing the commencement
of suits by declaration, Comp. L., ch. 185, sec. 7.

GRAVES, J. This is a case made in the circuit court
for Kent county, after judgment.

The plaintiffs recovered under the general counts in assumpsit on a promissory note, and the defendant Holcomb suggests error. He pleaded the general issue, but the other defendants did not defend.

The note was made by "Jerome Trowbridge," and was endorsed by Leonard &. Holcomb. On the trial of the issue against Holcomb the note was offered in evidence, and it then bore a receipt for $118 paid on it, and a memorandum stating that it had been protested for non-payment. These items did not appear on the copy served on Holcomb, or on that on which the sheriff made his certificate of service. For these variances Holcomb objected to the introduction of the note. The exception is void of merit. These items were no part of the note. *Howry v. Eppinger*, 34 Mich., 29; 2 Bishop on Criminal Procedure, § 407.

The accidental misspelling of the name of Trowbridge was wholly unimportant.. The omission of the letter "w" produced no change in the sound.

A stipulation was made between plaintiffs and Trowbridge stating that as he had been declared a bankrupt the cause might be dismissed as to him. But he did not avail himself of it, and no order was ever entered.

An objection was made against any verdict, by Holcomb's counsel, because the jury had been sworn to try the issue between plaintiffs and all the defendants, when in fact no issue had been joined with the other defendants, and also on the ground that the action had been discontinued as against Trowbridge by virtue of the stipulation. As already stated, Trowbridge had not elected to base any order on the stipulation, and he consequently remained a defendant in point of form.

The other defendants have not complained on any ground, and if the clerk in swearing the jury committed the technical irregularity of speaking of the issue as one between the plaintiffs and the other defendants, as well

as Holcomb, it was a harmless blunder, and no one has been injured.

There is nothing further worthy of notice.

The judgment is affirmed with costs.

The other Justices concurred.