STEPHEN SHERWOOD

v.

FIRST NATIONAL BANK OF MORRISON.

1. INSTRUCTIONS—EVIDENCE.—In an action on a promissory note where the plea was that the signature had been obtained by fraud and circumvention, an instruction "that such allegations of fraud must always be maintained, not only by a preponderance of the evidence, but such evidence should be clear and cogent, and the jury will in no case be permitted without evidence to presume that fraud was committed," is erroneous. In a civil case a preponderance of evidence is sufficient.

2. CARE IN BUYING SUCH NOTE.—An instruction in such case which would require the assignee of the note to use care and caution in buying the note in order to ascertain if it were valid, is erroneous.

APPEAL from the Circuit Court of Whiteside county; the Hon. JOHN V. EUSTACE, Judge, presiding. Opinion filed December 4, 1885.

Messrs. W. & W. D. BARGE and Mr. C. J. JOHNSON, for appellant; that in civil cases a preponderance of evidence is sufficient, cited P., etc., R. R. Co. v. Lane, 83 Ill. 448; Carter v. Gunnels, 67 Ill. 270; Crabtree v. Reed, 50 Ill. 209.

The assignee of the note is bound to use ordinary care: Taylor v. Atchison, 54 Ill. 196; Sims v. Bice, 67 Ill. 90; Vanbrunt v. Singley, 85 Ill. 281; Auten v. Gruner, 90 Ill. 300; Murray v. Beckwith, 48 Ill. 391.

Mr. O. F. WOODRUFF and Mr. J. D. ANDREWS, for appellee; that mere negligence on the part of the assignee in purchasing a negotiable instrument, however gross, is not sufficient to deprive him of the character of a *bona fide* holder, cited Comstock v. Hannah, 76 Ill. 530; Shreeves v. Allen, 79 Ill. 553; Smith v. Coulton, 5 Bradwell, 422; Murry v. Lardner, 2 Wall. 120; Goodman v. Simonds, 20 How. 343.

LACEY, P. J.   This suit was on a promissory note claimed to have been given by appellant to one William Frost, for $260, dated July 6, 1882, due in nine months from date, and indorsed to appellee before maturity by Frost.

The appellant filed the plea of the general issue sworn to, and also plea that the signature to the note was procured by fraud and circumvention, in that one George Strawn and Robert Hanna, acting for the payee, came to the defendant and represented to him that they were engaged in the business of selling anvils; that a shipment of anvils had been made to them and were then in the depot, at Sterling, in said county, and solicited the defendant to go to Sterling to obtain the anvils and to deliver them to Strawn and Hanna, at defendant's residence, and gave appellant the sum of six dollars with which to pay for the freight on said anvils; that said Strawn & Hanna then and there gave said money to said appellant, and represented to him that it was necessary that they should have a receipt for the same for the purpose of accounting to their employer, Frost, for said money; and that they presented to him a paper to sign, which they falsely and fraudulently represented was a receipt for $6, and the appellant relying on the said statements so made, believing that the paper was in fact a receipt, executed said paper, and the paper was in fact a note, the one described in the declaration.

The appellant was at that time about eighty-one years of age and somewhat blind, not being able to see the writing plainly and to read the note, and relied on the statements of the parties who procured his signature, and testified substantially supporting the plea.

The point was made by appellee before the jury, that there

was not sufficient proof of the use of due care on the part of appellant in guarding against imposition in signing the paper, as it was executed, and also, that there was no sufficient proof of fraud and circumvention.

And, upon appellee's request, the court gave to the jury appellee's instruction, No. 1. To the effect that the burthen of proof was on appellant to show fraud and circumvention, and that such allegation must always be maintained not only by a preponderance of the evidence, but such evidence should be clear and cogent, and the jury will in no case be permitted without evidence to presume that fraud was committed.

This instruction should not have been given. Instead of requiring defendant only to prove his plea by a preponderance of the evidence as the law requires, it compels him in substance to make out his case by proof strong enough to remove all reasonable doubt.

This the law does not require in any civil case. Stratton v. The C., C. II. R. W. Co., 95 Ill. 25. The case of Shinn et al. v. Shinn, 91 Ill. 477, in which it is stated by Judge Dickey, in writing the opinion, that "The allegations of fraud must be proven by more than suspicions. The evidence must be clear and cogent, and must leave the mind well satisfied that the allegation is true," was said in reference to the proof in a case in equity where the title to real estate was in dispute and is not applicable to a case like this, even if intended by the judge writing the opinion to be understood in the sense claimed in the appellee's brief.

We regard instruction No. 5, given for appellee as also erroneous. There was nothing in the evidence to show blank spaces, unless from the appearance of the note, and the evidence tended strongly to show that appellant could not see, and was defrauded in procuring the signature under the blank spaces as well as the signature to signing a note supposing it to be a receipt, as he claims he was induced to believe.

If appellant had known it was a note he was signing, then the rule in regard to blank spaces might apply. If it was simply a receipt that he signed, what odds could it make about the blank spaces. If a receipt, and it had been fraudulently

raised, the only effect would have been to show a receipt for a larger amount than for six dollars.

The appellant did not claim that the note had been raised from a smaller one than the note in question. There was no such issue, and the only effect of introducing such element, immaterial as it was, into the case, would be to distract the minds of the jury and lead them from the issue.

If the appellant had knowingly signed a small note, then there might have been a proper issue raised on the question of the blank spaces, but the note was void, even as a small note, if his signature had been procured by representing to him that it was a receipt, and he had exercised due care in trying to protect himself against fraud. It is claimed by counsel for the appellant that the court erred in refusing to give his third refused instruction.

We think the instruction was properly refused; first, because it fails to include in it the hypothesis of care and caution on the part of appellant to prevent imposition, unless that may be included in the term, "obtained by fraud and circumvention," which we think is not specific enough, and secondly, it erroneously requires the appellee to use care and caution in buying the note, in order to ascertain if the note were valid, which we do not understand to be the law in this State, since the decisions in the cases of Comstock et al. v. Hannah, 76 Ill. 530, and Murray v. Beckwith, 48 Ill. 391, although some expressions to the contrary may be found in other cases decided by the Supreme Court, not so well and thoroughly considered as the case in 76 Ill. 530, above cited. For these reasons the judgment in the case is reversed and the cause remanded.

Reversed and remanded.