## H. Clay Merritt v. Charles P. Dewey.

### Gen. No. 4,355.

1. OPINION OF APPELLATE COURT—*how far binding.* The opinion of the Appellate Court as to the law of a case is, upon the second trial of that case, absolutely binding upon the trial judge.

2. BONA FIDE HOLDER—*what will not affect rights of.* Mere negligence, however gross, is not sufficient to deprive a party of the character of a *bona fide* holder; proof of bad faith is essential.

3. ALTERATION OF INSTRUMENT—*when, will not avoid.* An alteration of a note not made by the party signing it and without his consent, will not avoid it where such alteration was not fraudulently made but was made merely for the purpose of making the instrument conform to the real contract of the parties.

Action of assumpsit. Appeal from the Circuit Court of Henry County; the Hon. WILLIAM H. GEST, Judge, presiding. Heard in this court at the April term, 1904. Affirmed. Opinion filed August 24, 1904.

W. F. ANDERSON and WILSON, MOORE & FAULL, for appellant.

ALLEN P. MILLER, for appellee.

MR. JUSTICE VICKERS delivered the opinion of the court.

This is a suit on a promissory note for $1,500, dated January 22, 1898, and payable one year after date. The note by its terms is payable to the makers and is endorsed by them to Charles P. Dewey, who was plaintiff below. The verdict and judgment below were for the appellee for the full amount of the note. Defendant below, Merritt, brings the case here by appeal and assigns error upon the ruling of the court in giving instructions for appellee and in refusing certain instructions asked by appellant. The declaration contained a special count on the note and the common counts to which the appellant pleaded the general issue and a special plea denying the execution and endorsement of the note, both of which pleas were verified by an affidavit.

On the trial the appellant contended that the note in question had been changed since he signed it, by means of which it had been made to read fifteen hundred dollars,

whereas when he signed the note it read one hundred dollars, or "hundred dollars," he was not quite certain which. This same case was before this court at a former term and our opinion on that hearing is found in Dewey v. Merritt, 106 App. 156, which is referred to for a full statement of the case. On the former trial, appellant had secured a verdict in his favor and the present appellee brought the case here and we reversed and remanded the cause for the following reasons : (1) The verdict was not supported by the evidence; (2) the court erred in instructing the jury as to the burden of proof as to the good faith of the purchaser of the note; and (3) because the trial court refused to instruct the jury that the burden of proof was upon the appellee in that case (the appellant here) to prove by a preponderance of the evidence the alleged alteration, there being no appearances on the face of the note to apprise a purchaser that it had been altered.

The note sued on is certified up to this court by the trial judge and we have personally inspected the original note which appellant insists bears on its face such evidences of having been changed and altered as to require the party offering it in evidence to offer proof *aliunde* to relieve it of suspicious appearance. This original note was here on the former hearing, and this court at that time said that the note did not show on its face any evidence of having been changed since it was signed by Merritt. We have again examined the note and we see no reason for modifying the observation made by this court at that time respecting the appearance of the note on its face.

The assignment of errors on the present appeal calls in question the ruling of the court on the instructions, the first of which is that the court erred in instructing the jury that the burden of the proof was on the appellant to prove the alleged alteration. This ruling of the trial court is in strict accordance with our holding on the former appeal and under the law the trial court was bound on the retrial of the case by the opinion of this court. We see no reason for modifying what we then said and since this point is

fully discussed and passed on in our former opinion nothing further need be said upon it here. Appellant's argument is based largely on the assumption that the note shows on its face that it has been altered. The argument would be more pertinent and the authorities in point if the assumption was justified, but as we have shown both by our former examination of the note and our re-examination on the present appeal the assumption has no support in the evidence afforded by the note itself. The second contention of appellant is that the court should have submitted the question of whether an alteration had been made in this note to the jury, by giving refused instruction No. 10, which submitted to the jury the question whether there was any alteration on the face of the note such as a prudent and careful person would observe, before buying the note, and if the jury found from an inspection of the note there was such apparent alteration, then this fact would put the plaintiff on inquiry and charge him with notice of all facts which inquiry would have developed, and if no inquiry was made, under the facts of the instruction the jury should find for the defendant, provided the jury should believe from the evidence that the note had been raised from " one hundred " dollars or " hundred " dollars. This instruction sought to submit to the jury the question of an alteration, and whether the same was sufficient to put the purchaser on inquiry.

In Russell v. Hadduck, 3 Gilm. 233, the rule was held to be that where a party is about to purchase a bill or other negotiable instruments, and there are any suspicious circumstances apparent on the face of the paper, or within the knowledge of the purchaser, which would lead a prudent man to inquire into the title or the consideration, the purchaser is bound to make such inquiry, and if he fails to do so he holds the paper charged with any equities existing between the original parties to it. This doctrine seems to have received a more or less direct approval in Sturges' Sons v. Met. Nat. Bank, 49 Ill. 220, and in Stevenson v. O'Neal, 71 Ill. 314. In the O'Neal case the fact that a note is en-

dorsed without recourse is held not to be sufficient to put
the purchaser on inquiry as to any defense the maker might
have.   Prins v. South Branch Lumber Co., 20 App. 236,
decided by the Appellate Court of the First District, fol-
lows the Hadduck case and holds that the words "This
note is not negotiable" written on the face of the note in
red letters was sufficient circumstances to put the pur-
chaser on inquiry, and that the assignee took the note sub-
ject to all defenses.   Beginning, however, with the case of
Comstock v. Hannah, 76 Ill. 530, the authority of the Had-
duck case was questioned, and virtually overruled, and
upon a review of the authorities of England and this coun-
try the rule in the following language, taken from Chap-
man v. Rose, 56 N. Y. 137, was approved: "It is now,
however, the settled law that mere negligence, however
gross, is not sufficient to deprive a party of the character
of a *bona fide* holder.   There must be proof of bad faith.
That alone will deprive him of that character."   The doc-
trine of the Comstock-Hannah case was approved in Mat-
son v. Alley, 141 Ill. 284, where it is said: "The party
who takes it (commercial paper) before due, for a valuable
consideration, without knowledge of any defects of title,
and in good faith, holds it by a title valid against the
world.   Suspicion of defect of title or the knowledge of
circumstances which would excite such suspicion in the
minds of a prudent man, or gross negligence on the part of
the taker, at the time of the transfer, will not defeat his
title; that result can only be produced by bad faith on his
part."   To the same effect are the cases of Bemis v.
Horner, 165 Ill. 347, Merritt v. Boyden, 191 Ill. 136, and
numerous cases in the Appellate Court, among which are:
Metcalf v. Draper, 98 App. 399; Mann v. Merchants Loan
& Trust Co., 100 App. 224; Fidler v. Paxton, 101 App.
107; Gray v. Goode, 72 App. 504.   The refusal of the
court to give the instruction under consideration was
proper, since the mere neglect or failure of appellee to make
inquiry could not defeat his right as a *bona fide* holder of
the note; and the instruction is also vicious in that it seeks

to make the question of whether an alteration existed in the note a question to be determined by the jury when it is a question for the court upon inspection. Merritt v. Boyden, *supra.*

The third point that appellant relies on is that the appellee's instructions are argumentative. This point is not well taken. Instruction number nine is particularly pointed out as being open to the objection here made; that instruction contains a correct rule of law as established in this state by the cases cited by us in discussing the second assignment of error, and there was no error in giving it.

The fourth contention of appellant, that the court refused to submit to the jury the question whether the interest clause had been written in the note after it had been signed by appellant, presents the question whether an alteration not made by the party signing the note and without his consent will defeat the instrument, when the alleged alteration is not made fraudulently, but simply to make the instrument conform to the real contract which the parties intended to make. Appellant swears that the words "with seven (7) per cent interest per annum" were not on the note when he signed it, but he admits that at the time of signing the note it was understood the note was to draw seven per cent interest. Upon the theory that this clause was added to the note after it had been signed by appellant, but that it was not done with a fraudulent purpose, but in good faith to make the face of the note agree with the intention of the parties, the trial court held that such an alteration under these circumstances would not avoid the note. In Ames v. Colburn, 11 Gray, 390, Metcalf, J., said: "The alteration of the date of the note was by the promisee without the knowledge or express consent of the promisor, but as the arbitrator has found that it was made without any fraudulent intention, and merely to correct a mistake and make the note such as both parties intended it should be and understood it was, we are of the opinion, under the authorities, that the note was not vacated by the alteration and the plaintiff is entitled to judgment on the

award." The above doctrine is approved by our Supreme Court in Ryan v. First Nat. Bank, 148 Ill. 349, and by the Appellate Court in Cook v. Moulton, 59 App. 428, and Exchange Nat. Bank v. Plate, 69 App. 489. We do not think there was any error in the ruling of the court on this question.

The final contention of appellant is that the court erred in not directing a verdict, because of a supposed variance in the proofs and the declaration, and because of a failure of proofs. We do not deem it necessary to discuss this point further than to say, there was no variance between the proofs and the declaration and the evidence is abundant to support the verdict.

Finding no error in the record, the judgment is affirmed.

*Affirmed.*