January Term, 1862.

Boss
v.
Hewitt et al.

---

### Boss vs. Hewitt and others.

An indorsee of several notes of the same maker, secured by one mortgage, bearing the same date, and payable to the order of the same person at different periods, is not chargeable with notice of any equitable defense of the maker against such of the notes as were *not due* at the time of the indorsement, by reason of the fact that *one* of the notes was then *over due.*

Nor is he chargeable with such notice by reason of the fact that the notes bore interest payable *annually*, and that one year's interest on all of them was *due and unpaid* at the time of the indorsement.

APPEAL from the Circuit Court for *Columbia* County.

Action to foreclose a mortgage given by *Hewitt* to McAllister and Rosier to secure four promissory notes, payable to their order and by them indorsed to the plaintiff, one for $125, and the others for $425 each, and due respectively on the 1st of October, 1857, 1858, 1859 and 1860.    The defense was, that the notes were given for the price of certain sheep, sold by the payees to *Hewitt,* and which they falsely and fraudulently represented to him to be Spanish Merino and French Merino sheep; that after discovering the fraud, *Hewitt* offered to return the sheep to them, and demanded his notes and mortgage; that before giving said notes he had paid $240 on the price of the sheep; and that the assignment of the mortgage and notes to the plaintiff was made after the first note, and the first year's interest on all the notes, fell due, and while the same remained unpaid.    The jury found the facts as alleged in the answer, and also that the sheep sold by the payees of the notes to *Hewitt,* were worth, at the time of the sale, $150.    Judgment for the defendants.

*Butler, Buttrick & Cottrill,* for appellants.

*Alva Stewart,* for respondents, cited Edwards on Bills, 312,

690; 5 Wend., 566; 12 Johns., 306; Chitty on Bills, 11 <span>January Term, 1862.</span>
Am: Ed., 217; 4 Mass., 370–2, 418; 5 Pick:, 312–16.

Boss
v.
Hewitt et al.

May 15.

*By the Court*, PAINE, J.  This judgment must be reversed, for the reason that on the pleadings and facts found by the jury, no defense was shown to the plaintiff's claim upon any of the notes except the first.

It appeared from the allegations of the complaint, not denied by the answer, that the plaintiff was a purchaser of the notes for value before they were due, with the exception of the first, which was over due.  The answer does not allege any knowledge by the plaintiff, of the fraud in the original consideration, and unless the fact, which appears on the face of the complaint, that the first note was over due at the time of the purchase by him, is sufficient to charge him with notice of the fraud as to all the notes, then the answer cannot be said to show any defense except as to the first note.  For it merely sets up the fraud of the original payees, which is no defense against a *bona fide* purchaser of the notes for value before their maturity.  Nor do the jury find any other notice by the plaintiff, except that the interest was not paid.

Upon the question whether the purchaser should be chargeable with notice of any defects in the consideration of the notes subsequently to become due, by reason of the first being over due at the time, no authority was cited by either counsel, and we have found none.  The notes were all secured by one mortgage, and if it had appeared on the face of the papers, that they were all given for one consideration, upon one transaction, it might be urged with considerable force, that as the law charged the purchaser with notice of any defect in the consideration of the first note, it must also charge him with like notice as to the others, though not due, for the reason that he had notice that all were given for one consideration.  But how that question should be decided, if it ever arises, can be then determined.  But there was nothing on the face of the papers to show that the notes were all given for one consideration.  It is true they bore the same date, and were secured by one mortgage.  But it is frequently the case that parties, in giving securities, include

CASES IN THE SUPREME COURT

debts arising out of many different transactions, as to some of which there might have been defenses not affecting the others. And we do not think that a purchaser of negotiable notes before maturity, can be held chargeable with notice of any defect in their consideration from the mere fact that another note, secured by the same mortgage, was over due and had not been paid.

Neither do we think that the fact that the interest had not been paid makes the case equivalent to a purchase after maturity, so as to let in defenses that might have been made against the original parties. The interest is a mere incident to the debt, and although it is frequently provided that it shall be paid at stated periods before the principal falls due, we know of no authorities holding that a failure to pay it, dishonors the note, so as to let in all defenses against subsequent purchasers for value, without any other notice of defects except the mere fact that such interest had not been paid. And we do not think it should have that effect. The maturity of the note, within the meaning of the commercial rule upon this subject, is the time when the principal becomes due.

The judgment must be reversed, with costs, and the cause remanded with directions to enter judgment for the plaintiff for the amount due on all the notes except the first.