KELLEY vs. WHITNEY and others.

PROMISSORY NOTE. (1) *Not mature until* principal *due.* (2) *If secured by* mortgage, *both instruments protected by law merchant.* (3, 4) *What constitutes* bad faith *in such case.* (5) *Equities between prior and subsequent mortgagees.*

1. A promissory note matures only when, by its terms, the principal becomes due; and one who purchases it in good faith, for value, before maturity, is within the protection of the law merchant, although interest is overdue at the time of such purchase. *Boss v. Hewitt*, 15 Wis., 260, followed; and a *dictum* in *Hart v. Stickney*, 41 Wis., 630, overruled.

2. It is the settled law of this state, that a negotiable promissory note *secured by mortgage*, if transferred before maturity, passes to the holder discharged of equities, like other negotiable paper; and the mortgage passes as an incident to the note, and may be enforced by the holder of the latter without regard to equities between mortgagor and mortgagee.

3. Mere suspicion that there may be a defect of title in the holder of negotiable paper, or knowledge of circumstances which would excite suspicion in a prudent man, is not sufficient to impair the title of the purchaser; but there must be *bad faith* on his part.

4. The purchaser for value of a negotiable note before maturity is not chargeable with notice of a defense on the part of the maker, nor put upon inquiry, by its being indorsed by the payee "without recourse;" nor do the words upon its face, "secured by real estate mortgage," charge him with notice of the contents of such mortgage.

5. While equity will not permit a prior mortgagee, knowing that portions of the mortgaged premises have been subsequently conveyed or incumbered, to release the other portions and attempt to collect his entire claim out of those not released, to the injury of purchasers or second mortgagees, this rule does not apply where the unreleased portions subsequently mortgaged are ample to secure *both* mortgages.

APPEAL from the Circuit Court for *Brown* County.

The case is thus stated by Mr. Justice COLE:

This was an action to foreclose a mortgage originally given upon lot number 30, and the south 34 feet of lot number 29, in Fort Howard. The mortgage was executed by *Bridget Whitney* and *Edwin Whitney* to Joel S. Fisk on the 25th of February, 1873, to secure the payment of a promissory note of that date given by the mortgagors to Fisk or order, for $233.03 in six years from date, with interest payable annually thereon at the rate of ten per cent. per annum. J. S. Curtis, for a valuable consideration, purchased the note and mortgage of Fisk on the 11th of July, 1874. The plaintiff derives title from Curtis by an assignment bearing date May 20, 1876. When the note and mortgage came to plaintiff's hands, the principal was not due, but there was interest overdue and unpaid. The defendants *Bridget* and *Edwin Whitney* answered, alleging, among other things, payment in full to plaintiff's assignor on or about the 25th of June, 1874, under and in pursuance of an agreement set out in the answer. The defendant *Goodenough* answered separately, alleging payment of the mortgage previous to the assignment to the plaintiff, and further that he was the owner of a mortgage give by *Bridget* and *Edwin Whitney*, June 26, 1874, on a portion of the mortgaged premises, to wit, the north ten feet of lot number 30, and the south 34 feet of lot 29, being a portion of the mortgaged premises remaining and covered by plaintiff's mortgage, after Curtis had released the south 45 feet of lot 30 therefrom

while he held the mortgage. The agreement set out in the answers, under which it was claimed that the note and mortgage were paid, was never recorded; the plaintiff had no knowledge of its existence when he purchased the securities; nor had he any actual notice of any other fact affecting their validity, except the fact that interest was overdue and unpaid when they were transferred. The circuit court found that the note and mortgage were paid and extinguished while in the hands of Curtis, and rendered judgment for the defendants.

Plaintiff appealed from the judgment.

For the appellant, a brief was filed by *Tracy & Bailey*, and the cause was argued orally by *Mr. Tracy*. They contended, 1. That a note is not mature, so as to be out of the protection of the law merchant, until the *principal* is due; that the intimation of a different view in *Hart v. Stickney*, 41 Wis., 630, was a mere *dictum*, in forgetfulness of the *decision* in *Boss v. Hewitt*, 15 id., 260; and that the court should follow the case last named, both upon the principle of *stare decisis* (never more important than in questions affecting negotiable paper), and because it is sustained by the better reasons and the great weight of authority. *Cromwell v. County of Sac*, 96 U. S., 51; *National Bank v. Kirby*, 108 Mass., 497; *Ferry v. Ferry*, 2 Cush., 92. 2. That in foreclosure of a mortgage securing a negotiable note, nothing is a defense to the foreclosure which would not be a defense to the note at law. *Croft v. Bunster*, 9 Wis., 503, 510–11; *Cornell v. Hichens*, 11 id., 353–70; *Crosby v. Roub*, 16 id., 616; *Andrews v. Hart*, 17 id., 297; *Blake v. Williams*, 36 N. H., 40; *Pratt v. Bank*, 10 Vt., 294; *Taylor v. Page*, 6 Allen, 86; *Jones v. Quinnipiack Bank*, 29 Conn., 29; *Burton v. Baxter*, 7 Blackf., 297. 3. That the words "secured by mortgage," on the face of the note, did not make it necessary for the purchaser to examine into the history of the mortgage (*Howry v. Eppinger*, 34 Mich., 29–33), nor were his rights affected by the indorsement on the note of the words "without recourse" (*Stevenson v. O'Neal*, 71 Ill., 314); and that mere negligence of the purchaser in failing to make inquiry would not affect his rights, but only

actual bad faith. *Goodman v. Simonds*, 20 How., U. S., 343; *Murray v. Lardner*, 2 Wall., 110; *Hotchkiss v. National Banks*, 21 id., 354–9; *Crosby v. Grant*, 36 N. H., 273; *Worcester Co. Bk. v. Dorchester and Milton Bk.*, 10 Cush., 488; *Smith v. Livingston*, 111 Mass., 342; *Lord v. Wilkinson*, 56 Barb., 593; *Magee v. Badger*, 34 N. Y., 247; *Branch Bank v. Hoge*, 35 id., 65; *Turnbull v. Bowyer*, 40 id., 456; *Park Bank v. Watson*, 42 id., 490; *Chapman v. Rose*, 56 id., 137; *Hamilton v. Vought*, 34 N. J. Law, 187; *Moorehead v. Gilmore*, 77 Pa. St., 118; *Ellicott v. Martin*, 6 Md., 509; *Matthews v. Poythress*, 4 Ga., 287; *Johnson v. Way*, 27 Ohio St., 374: *Miller v. Finley*, 26 Mich., 254; *Shreeves v. Allen*, 79 Ill., 553; *Gage v. Sharp*, 24 Iowa, 15; *Lake v. Reed*, 29 id., 259; *Hamilton v. Marks*, 63 Mo., 167. 4. That even if plaintiff had been bound to take notice of the records of the county in regard to the mortgage or the property included in it, there was nothing in those records which would constitute notice to him of any defense against the mortgage.

The cause was submitted for the respondent on the brief of *L. J. Billings*. He contended, among other things, 1. That, installments of interest being past due and unpaid when plaintiff purchased the note, he took it subject to all equities between the original parties, or between the mortgagor and Curtis. *Hart v. Stickney*, 41 Wis., 630; Tay. Stats., ch. 126, sec. 1, subd. 6. Interest is as much a part of the debt as the principal (1 Daniel on N. I., sec. 919; 2 Parsons on N. & B., 394); failure to pay the interest at the time specified is a breach of the contract, and a distinct cause of action thereon *(Butler v. Wagner*, 35 Wis., 54; *Mills v. Jefferson*, 20 id., 50); and payment of the principal sum would be no bar to such cause of action (*Fake v. Eddy*, 15 Wend., 76; *Gordon v. Phelps*, 7 J. J. Marsh., 619). If the note is payable in installments, it is dishonored when the first installment is overdue and unpaid *(Field v. Tibbetts*, 57 Me., 358; *Vinton v. King*, 4 Allen, 562; *Fitchburg Ins. Co. v. Davis*, 121 Mass., 121); and for precisely the same reasons it is dishonored when installments of interest are overdue and unpaid. *Newell v.*

*Gregg*, 51 Barb., 263; *First Nat. B'k v. County Comm'rs*, 14 Minn., 77.    Counsel further argued that it does not appear in *Boss v. Hewitt* that the interest was expressly made payable at any particular time before the maturity of the principal, and therefore the remarks on that subject in the opinion appear to be *obiter*.   2. That the indorsement by the payee and mortgagee, of the words "without recourse," though not sufficient in itself to charge the purchaser with notice, was yet a suspicious circumstance, which, with other circumstances, should have put him upon inquiry.   3. That the words on the face of the note, "secured by real estate mortgage," were an integral part of the instrument (1 Am. L. C., 4th ed., 311; *Shaw v. M. E. Society*, 8 Met., 223; *Jones v. Fales*, 4 Mass., 245), and notified all comers of its incident, the mortgage; and that the record of the satisfaction of the mortgage as to the hotel property was constructive notice to plaintiff of defendant *Goodenough's* rights, under the recording act.   *Fallass v. Pierce*, 30 Wis., 443, 476; *Croft v. Bunster*, 9 id., 503–8. In this action to foreclose, any defense is good which would be available against plaintiff's assignor.   1 Hilliard on Mort., 581, § 84; *Murray v. Lylburn*, 2 Johns. Ch., 441; *James v. Morey*, 2 Cow., 246, 296; *Westfall v. Jones*, 23 Barb., 10; *Mott v. Clark*, 9 Pa. St., 399; *Olds v. Cummings*, 31 Ill., 188; *Petillon v. Noble*, 73 id., 567.   4. That, to sustain the defense, it was not necessary to show that plaintiff took with positive knowledge of the facts relied on as affecting the right of recovery; but it was enough to show that he took under circumstances which fairly charged him with knowledge (Edwards on Bills, * 688; *Brown v. Tabor*, 5 Wend., 566); and that the three facts above mentioned (nonpayment of interest for three years, reference to the mortgage on the face of the note, and indorsement "without recourse," by the payee and mortgagee) were *together* sufficient to show plaintiff not to be in contemplation of law a *bona fide* purchaser without notice.

COLE, J.   Can the plaintiff, under the circumstances, claim

the protection which the law affords a *bona fide* purchaser of commercial paper for value, before maturity? The learned circuit court, in obedience to the decision of this court in *Hart v. Stickney*, 41 Wis., 630, decided that the plaintiff took the note and mortgage as dishonored and subject to equities, because installments of interest were due and unpaid when they were transferred. If there is error in this ruling of the court below — as we are well satisfied there is,— it is an error for which this court, and not the circuit court, should be held responsible. When the case of *Hart v. Stickney* was decided, our attention was not called by counsel, and we entirely overlooked in our examination, the previous case of *Boss v. Hewitt*, in the 15 Wis., 260, where a directly opposite ruling was made. The case of *Boss v. Hewitt* was decided in 1862, and the point was directly involved in the judgment. The defendant had given four negotiable notes payable respectively in one, two, three and four years, with interest payable annually, for the price of sheep bought of the payees, and secured all the notes by a mortgage. One of the notes, and an installment of interest on all of them, being due and unpaid, the payees transferred the notes and mortgage to the plaintiff, who brought an action to foreclose the mortgage. The defendant pleaded fraud on the part of the payees in the sale of the sheep. The court held that the fact that the first note was due and unpaid at the time of the transfer to the plaintiff, did not let in the defense as against the notes not then due. On the other point, Mr. Justice PAINE, in delivering the opinion of the court, says: " Neither do we think that the fact that the interest had not been paid makes the case equivalent to a purchase after maturity, so as to let in defenses that might have been made against the original parties. The interest is a mere incident to the debt, and although it is frequently provided that it shall be paid at stated periods before the principal falls due, we know of no authorities holding that a failure to pay it dishonors the note, so as to let in all defenses against subsequent purchasers for value without any other notice of defects except the mere fact that such interest has

not been paid. And we do not think it should have that effect. The maturity of the note, within the meaning of the commercial rule upon this subject, is the time when the principal becomes due." pp. 262–3. *Boss v. Hewitt* derives direct support from the decisions in *National Bank of North America v. Kirby*, 108 Mass., 497, and *Cromwell v. County of Sac*, 96 U. S., 51. It is true, in *National Bank v. Kirby*, while it was held that failure to pay interest, standing alone, was not sufficient in law to throw such discredit upon the principal security upon which it is due, as to subject the holder, to the full extent of the security, to antecedent equities, yet it was also held that it was a fact proper to be considered by the jury, in connection with other circumstances, on the question whether the holder is entitled to the protection of one who has taken it in good faith and without actual or constructive notice of existing defenses. What is said in the opinion in *Hart v. Stickney* upon the point now in question, was not necessarily involved in the decision, and must therefore be regarded as a 'mere dictum. The judgment in that case was reversed on the appeal of the plaintiff, the holder of the note, on the ground that the trial court refused proper, and gave erroneous, instructions as to the legal consequences resulting where a vendee abandons possession of premises held by him under an executory contract of sale, and the vendor takes the possession. That was the precise point upon which the judgment was reversed. And as the earlier case of *Boss v. Hewitt* was entirely overlooked, which, by implication, is sustained by many decisions of this court, made in the farm mortgage cases and in actions arising upon town, county and city bonds, we deem it our duty to adhere to the rule, that a purchaser for value of unmatured commercial paper, with interest overdue, is not, from that fact alone, affected with notice of prior equities or infirmities in the title.

The plaintiff being the purchaser of the note and mortgage for value before maturity, the further question arises, whether there were any circumstances or facts disclosed which can affect his rights as a *bona fide* holder. In considering this question,

it is necessary to bear in mind that it is the settled law in this state that a negotiable promissory note secured by mortgage may be transferred before maturity like other negotiable paper, and the holder takes it discharged of existing equities. The mortgage in such a case passes as an incident to the note, and may be enforced by the holder in spite of equities which may exist between the mortgagor and mortgagee. This is the doctrine laid down in *Croft v. Bunster*, 9 Wis., 504, and the same point has been repeatedly affirmed in subsequent cases. And, " as with other negotiable paper, mere suspicion that there may be a defect of title in its holder, or knowledge of circumstances which would excite suspicion as to his title in the mind of a prudent man, is not sufficient to impair the title of the purchaser. That result will only follow where there has been bad faith on his part." *Cromwell v. County of Sac, supra*. Was the plaintiff guilty of gross negligence, or had he any ground of suspicion of defect of title, or knowledge of circumstances which would excite suspicion on the part of a prudent man that there was some infirmity in these securities; and if so, what were those circumstances? The note, it is said, was indorsed by the payee and mortgagee *"without recourse."* But that "is not sufficient to charge the assignee with notice of a defense against the note, on the part of the maker, nor is it sufficient to put him on inquiry in reference thereto." *Stevenson v. O'Neal*, 71 Ill., 314. Then it is said that the words " secured by real-estate mortgage " appeared on the face of the note. But " the object and intent of the parties in putting these words on the note was not to limit or impair its value, but to add to it; . . . and they were neither sufficient to inform third parties of the contents or terms of the mortgage, nor to put them upon inquiry." *Howry v. Eppinger*, 34 Mich., 29–33. Again, it is claimed that there was on the records in the register's office a satisfaction or release of the note and mortgage in suit, executed by Curtis on the 16th day of July, 1874, so far as the mortgage was a lien on the south 45 feet of lot 30, known as the hotel property. But the plaint-

iff does not claim anything inconsistent with that release, even if chargeable with actual knowledge of its existence.

But it is also said that while Curtis was the owner of plaintiff's note and mortgage, and when he executed this release, he knew of the existence of the second mortgage now held by the defendant *Goodenough* on a portion of the premises covered by the first.   Suppose he did: it does not appear that when plaintiff bought the note and mortgage, he had knowledge of either the release or the second mortgage.   The doctrine is well settled, "that equity will not permit a prior mortgagee, knowing that portions of the mortgaged premises have been subsequently conveyed or incumbered by the mortgagor, to deal with him arbitrarily, to the prejudice of the interests of such subsequent incumbrancers or purchasers, by releasing those parts of the land on which he has the only lien, and attempting to enforce his entire claim out of those portions in which such others had become interested."   *Deuster v. McCamus*, 14 Wis., 308–311.   But we do not see that this equitable principle has any application to this case, because the defendant *Goodenough* does not aver in his answer that he was injured in any way by the discharge of the prior mortgage as to a part of the premises contained in that mortgage; and the proof shows beyond a doubt that he was not prejudiced thereby.   The property may be ample security, and it appears that it is, to discharge both mortgages.   So, in any aspect of the case, we think the plaintiff is entitled to a judgment of foreclosure according to the prayer of his complaint.

*By the Court.* — The judgment of the circuit court is reversed, and the cause remanded with directions to enter such a judgment.

RYAN, C. J., took no part.