THE FIRST NATIONAL BANK OF DUBUQUE v. WERST ET AL.

1. **Promissory Note:** ACCOMMODATION PAPER: COLLATERAL SECURITY. Where an accommodation note, executed to be used by the payees as collateral security, was indorsed by them for that purpose after maturity, and afterward sold by the indorsee to satisfy an unpaid balance of their debt, it was held that it could be enforced, in the hands of the purchasers, only to the same extent as though still held by the first indorsees, that is, to the amount of the unpaid portion of the debt which it was executed to secure.

<em>Appeal from Hardin District Court.</em>

SATURDAY, DECEMBER 13.

ACTION in chancery to foreclose a mortgage given to secure a promissory note for $3,000. There was a judgment upon

the note for $1,678.25 and costs, and a decree foreclosing the mortgage. Plaintiff appeals.

*Cooley & Rood*, for appellant

*Huff & Reed*, for appellees.

BECK, CH. J.—I. The testimony upon which the case is submitted to us establishes the following facts:

The note was executed August 19th, 1871, payable in three months to the order of Werst & Cameron. It was accommodation paper to be used by the payees as collateral security upon their indebtedness to the First National Bank of Chicago, and was transferred to that bank, December 31st, 1872. The indebtedness of Werst & Cameron to the bank was originally $2,500, which was evidenced by a promissory note. After a payment of $500 a new note was given, and the paper in suit was still held as collateral security for the debt. Payments were subsequently made upon the renewed paper, and the debt was reduced to $1,317.68, principal and interest. When the second note was made, an instrument was executed by Werst & Cameron, authorizing the bank, upon default in the payment thereof, to sell the note in suit and apply the proceeds upon the debt and the costs of sale. Under this instrument the note was sold for a sum sufficient to pay the bank, and all expenses and costs of sale, and plaintiff became the purchaser, and the note was thereon indorsed to it by the Chicago bank, without recourse. These are the leading and essential facts in the case briefly stated. They are undisputed except plaintiff claims that the testimony does not establish that the note was executed without consideration as accommodation paper. We think the fact is established by quite satisfactory testimony. We understand that defendant's testimony is to this effect.

II. The case may be briefly disposed of by the application of familiar rules relating to commercial paper. The note was 1. PROMISSORY executed for the purpose of securing the indebtedness of the payees to the Chicago bank. Under note: accommodation paper: collateral security. the contract between the maker and payees, it was valid and could be enforced only to the extent necessary to

secure the bank. It was indorsed after maturity, and the holders under such indorsement took it with notice of the defense and equities of the maker. The debt for which it was made as security was paid in part, the note remained valid only for the part of the debt remaining unpaid. The plaintiff acquired no higher right than the Chicago bank; the circumstances under which it was transferred to plaintiff created no right other than those of the indorsee of over-due paper. It is very plain that plaintiff can recover no greater sum than was due the Chicago bank from Werst & Cameron.

III. Counsel for plaintiff insist that, as Werst was not liable on the note to Werst & Cameron, it "had no vitality until it was negotiated to the Chicago bank after maturity." They argue from this position that the maturity of the paper when indorsed does not affect the right of the indorser. The argument is not sound. The note in the hands of the indorsee is valid as a security for the payment of the debt of the indorsers and to no greater extent. It is subject to the argreement of the original parties and to the equities existing between them for the reason that it was indorsed after maturity. It had vitality while in the hands of the payees, for the purpose for which it was executed; its indorsement after maturity gave it no greater or other vitality.

V. Counsel make the point, without supporting it by argument, that defendants are estopped from setting up the defense based upon the purpose for which the note was given. We confess that we are utterly unable to discover any element in the case upon which an estoppel will rest. It cannot be expected that we will imagine arguments in support of the position of counsel and reply to them.

The judgment of the District Court is

AFFIRMED.