Pardee, Circuit Judge.
The first and second assignments of error are not well taken. The plea in this case was sworn to originally before one of the officers mentioned in section 3450 of the Georgia Code, and in accordance with the Georgia practice, which we are inclined to think was sufficient verification to the plea filed in the circuit court; but, whether this be so or not, when the plea was afterwards sworn to in open court at the time of the trial, by the direction of the court, we have no doubt the plea was sufficiently verified. Code Ga. § 3479 et seq., is very liberal with regard to the allowance of the amendments, and sufficiently broad, in our opinion, to cover this case. And section 954 of the Revised Statutes of the United States provides that the court “may, at any time, permit either of the parties to amend any defect in process or pleadings, and upon such conditions as it shall in its discretion and by its rules prescribe.”
The seventh assignment of error seems to be well taken. It is as follows:
“(7) Because the court erred in charging the jury as follows: ‘Row, these notes are held by the Bank of Edgefield, and the proofs show exactly what that transaction was: We have the evidence of the. cashier of the bank that these six notes—the three notes sued on, and the three notes for $500 each, which were the first three to mature—were placed in August, 1890, in the Bank of Edgefield, and that some notes were given by Mr. Tompkins after that, the first of which were given on the 18th of October. The three notes, however, were due at the time these notes were placed in the bank. In the opinion of the court, the dishonoring of the three notes—as it is called in law, the failure to pay them when they were due—was notice to the bank of all the equities existing between the machinery company, Smith & Vaile Company, and the defendant corporation.’ ”
There was nothing on the face of the notes to indicate that the three notes for $500 each, which were past due when they, with the three *102 notes sued on, were deposited as cpllateral security with the plaintiff, were for the same consideration, or referred in any way to the same transaction, upon which the three notes sued upon were any of them issued. There is no proof in the case tending to show that the plaintiff had any knowledge whatever of the transaction or contract between the defendant and Smith & Vaile Company, or that the six notes constituted or formed part of one transaction. “Where more than one note is executed upon the same consideration, they are not all to be regarded as dishonored when one is overdue and unpaid.” Daniel, Neg. Inst. § 787.
The precise question was before the supreme court of the state of Wisconsin in the case of Boss v. Hewitt, 15 Wis. 260. In that case the court said:
“Upon the question whether the purchaser should be chargeable with notice of any defects in the'consideration of the notes subsequently to become due by reason of the first being overdue at the time, no authority was cited by either counsel, and we have found none. The notes were all secured by one mortgage, and, if it had appeared on the face of the papers that they were all given for one consideration, upon one transaction, it might be urged, with considerable force, that, as the law charged the purchaser with notice of any defect in the consideration of the first note, it must also charge him with like notice that all were given for one consideration. But how that question should be decided, if it ever arises, can be then determined. But there was nothing on the face of the papers to show that the notes were all given for one consideration. It is true they bore the same date, and were secured by one mortgage. But it is frequently the case that parties, in giving securities, include debts arising out of many different transactions, as to some of which there might have been defenses not affecting the others; and we do not think that a purchaser of negotiable notes before maturity can be held chargeable with notice of any defect in their consideration from the mere fact that another note, secured by the same mortgage, was overdue, and had not been paid.”
Boss v. Hewitt was affirmed in the supreme court of Wisconsin, 45 Wis. 110, citing Bank v. Kirby, 108 Mass. 497, and Cromwell v. County of Sac, 96 U. S. 51. In Cromwell v. County of Sac, affirmed in Railway Co. v. Sprague, 108 U. S. 756-762, and also in case of Morgan v. U. S., 113 U. S. 476-502, 5 Sup. Ct. Rep. 588, it is held that the fact that installments of interest are overdue and unpaid is not sufficient to affect the position oi one taking bonds and subsequent coupons before maturity for value, as a bona fide holder.
The defendant in error contends that the rule given in the judge’s charge was correct, because section 2786 of the Code of Georgia provides as follows:
“If the holder receives it after it is due, its nonpayment at maturity is notice to him of dishonor, and he takes it subject to all the equities existing between the original parties thereto; and if there be several notes constituting one transaction, but due at different times, the fact that the one is overdue and unpaid shall be notice to the purchaser of all, and put him on his guard.”
And he cites the case of Harrell v. Braxton, 78 Ga. 129, 3 S. E. Rep. 5, to the same purport.
*103 The plaintiff in error contends that the question of notice of equities existing between original parties in the case of commercial paper is regulated and determined by the commercial law, and not by the rule or decisions in any particular state; relying upon Swift v. Tyson, 16 Pet. 1; Oates v. Bank, 100 U. S. 239; Railroad Co. v. National Bank, 102 U. S. 14; Panav. Bowler, 107 U. S. 529-541, 2 Sup. Ct. Rep. 704; Burgess v. Seligman, 107 U. S. 33, 2 Sup. Ct. Rep. 10; King v. Doane, 139 U. S. 173, 11 Sup. Ct. Rep. 465.
There is no doubt that the law of the place where the contract was made usually governs in the construction and enforcement thereof, and that the validity and effect of all writings or contracts are determined by the laws of the place where executed. The question presented here, however, is not with regard to the construction of the contract or its validity, but, rather, with regard to the rule of commercial law which affects subsequent holders in the matter of notice of prior equities. We are of the opinion that the general commercial law prevails, and not any particular rule or decision established in the state of Georgia either by the decisions of the supreme court of that state or by statute announcing a rule.
It has been settled in the courts of the United States since the leading case of Goodman v. Simonds, 20 How. 343, that one who acquires mercantile paper before maturity from another, who is apparently the owner, giving a consideration for it, obtains a good title, though he may know facts and circumstances that would cause him to suspect, or would cause one of ordinary prudence to suspect, that the person from whom he obtained it had no interest in or authority to use it for his own benefit, and though by ordinary diligence he could have ascertained those facts. Swift v. Smith, 102 U. S. 442; King v. Doane, 139 U. S. 166, 11 Sup. Ct. Rep. 465. It follows that, although the three notes of the same date .as those acquired by the plaintiff were past due, and that the plaintiff was informed of that fact, still that would not be notice that the three notes not yet due were in any wise tainted by defective consideration, or for any other cause.
The eighth assignment of error seems also to be well taken. It is as follows:
“(8) Because the court erred in charging the jury as follows: ‘So that being the case, in the opinion of the court, the bank would only be entitled to recover on these notes, under the evidence and the pleadings, the amount due by the defendant to Smith & Yaile Company, which would be the amount as stated to you a while ago, the difference in the freight, and the interest which Mr. Searcy says was on the entire transaction up to the time they made the arrangement, at or about the time of the date of the letter.’ ”
The proof in the case shows without dispute that the three promissory notes sued upon by plaintiff were held by it as collateral security to secure loans and discounts from time to time thereafter to D. A. Tompkins, whose total indebtedness to the plaintiff at the time suit was brought amounted to $1,239.77. This evidence was produced by the defendant, and, as there is no evidence to the contrary, it is certainly *104 binding upon the defendant. “When it appears that the bill or note was acquired by the holder as collateral security for a debt, and he is deemed entitled to recover upon it, he is still limited to the amount of the debt which it secures if there be a valid defense against his transferrer, being regarded as, at all events, a bona fide holder, and entitled to stand upon a better footing only pro tanto. Thus the holder could recover against an accommodation party no more than the consideration actually advanced; but, in the absence of proof, he will be deemed to have advanced the full amount of the paper.” Daniel, Neg. Inst. § 832. To the same effect see Stoddard v. Kimball, 6 Cush. 469; President, etc., v. Chapin, 8 Metc. (Mass.) 40; Fisher v. Fisher, 98 Mass. 303; Bank v. Roberts, 45 Wis. 373; Bank v. Werst, 52 Iowa, 684, 3 N. W. Rep. 711; Hatcher v. Bank, 79 Ga. 547, 5 S. E. Rep. 111, and cases there cited.
The charge of the court, based on the theory that the plaintiff was not & bona fide holder, limiting plaintiff’s right to recover to the amounts due by the defendant to Smith & Vaile Company, was probably correct, if the theory upon which it was based had been the correct theory of the case; but, as we have shown in considering the seventh assignment of error, that theory was wrong, and it follows that the charge of the court limiting the plaintiff’s right to recover an amount less than the indebtedness of Tompkins to plaintiff was erroneous. A consideration of the other assignments of error is unnecessary. The judgment of the circuit court is reversed, with costs, and the cause is remanded, with instructions to order a new trial.