BOYLE, Respondent, vs. LYBRAND, Executor, imp., Appellant.

*January 10—January 28, 1902.*

*Promissory notes secured by mortgage: Assignment:* Bona fide *holder: Notice: Contributory negligence.*

1. A negotiable promissory note secured by mortgage may be transferred before maturity, like other negotiable paper, and the holder takes it with its accompanying security, discharged of existing equities.

2. Mere suspicion by the purchaser of such note that there may be defect of title, or knowledge of circumstances which would excite suspicion as to the title in the mind of an ordinarily prudent man, unaccompanied by bad faith, is not sufficient to impair his title.

3. Plaintiff took as security for a loan an assignment of a mortgage securing a note. The assignment was indorsed on the mortgage, the note not being produced and plaintiff never having possession thereof. Afterwards, and before plaintiff's assignment was recorded, the mortgagee, for value, endorsed the note to defendant, representing that he had lost the mortgage, the defendant having first examined the records. The note was negotiable, and both transactions took place before maturity. Plaintiff brought action to quiet title to the mortgage in himself. *Held*, that the plaintiff was negligent in allowing the note to remain in the mortgagee's hands, and, in the absence of any showing charging defendant with knowledge of the previous transfer, defendant had a better title to the note than plaintiff.

APPEAL from a judgment of the circuit court for Richland county: GEO. CLEMENTSON, Circuit Judge. *Reversed.*

This is a statutory action to quiet title brought by the plaintiff, claiming to own a mortgage upon said real estate, for the purpose of obtaining a judgment declaring that the defendant's testator, one J. W. Lybrand, now deceased, has no interest in said mortgage, and requiring said Lybrand to surrender and deliver up to the plaintiff the note which said mortgage was given to secure. The facts were not in dispute, and may be briefly stated as follows: January 2, 1895, John E. Wallace and Edward T. Wallace, sons of the defendant Patrick Wallace, executed and delivered to said Patrick Wallace and his wife, Johanna Wallace, a mortgage upon certain farm lands in Richland county to secure the payment of two notes owing by the said John and Edward,—one being in the sum of $1,000, drawn to Patrick Wallace or order, payable eight years after date, with interest after due, and the other for the sum of $500, to Johanna Wallace, payable ten years after date, and without interest. Said mort-

gage was duly recorded in the registry of deeds for Richland county January 3, 1895. On November 30, 1896, the plaintiff, who is a nephew of the defendant Patrick Wallace, loaned the said Patrick Wallace $450, and received his promissory note therefor; and Patrick Wallace at the same time indorsed upon the said mortgage an assignment of the same, together with the $1,000 note, as collateral security for the payment of the note to *Boyle*. This assignment was signed by but one witness, and was not acknowledged. Wallace thereupon delivered the mortgage, with the assignment, to the plaintiff, and told the plaintiff that he did not have the $1,000 note with him, but that he would send it to the plaintiff, (who lived in Madison); and the plaintiff, relying upon this assurance, returned to Madison, taking the mortgage with him. Afterwards, on the 13th of October, 1897, the defendant Patrick Wallace went to Madison and applied to the plaintiff for a further loan upon the security, and a further assignment to him of the note and mortgage; and the plaintiff then loaned Wallace $200 additional, and took his note therefor, and Wallace executed a further assignment of the said mortgage and note upon the back of the mortgage as collateral for the repayment of the said $200, which assignment was signed by two witnesses, but not acknowledged. When Wallace applied to the plaintiff for this last loan, he represented to him that he had the $1,000 note with him; but, after getting the money and executing the assignment, he searched his pockets, and claimed he could not find the note, and that he had accidentally left it at home, and promised that he would send it at once. Neither of the assignments was recorded in the registry of deeds of Richland county until the 2d day of July, 1898. Meantime, and on the 18th day of December, 1897, Wallace went to J. W. Lybrand, produced the note, and offered to sell the same to him, and told him that the mortgage itself had been lost; and Ly-

brand, after having examined the record of the mortgage in the register's office, and finding no assignment thereof, purchased the note and mortgage for $700; and the note was indorsed by Wallace and delivered to Lybrand, a certified copy of the mortgage secured and delivered, and a written assignment executed by Wallace to Lybrand both upon the page of the record where the mortgage was recorded, and upon the back of the copy of the mortgage. None of the notes held by the plaintiff or by Lybrand has been paid. Upon these facts the court concluded that Lybrand was not a purchaser in good faith of the $1,000 note, but purchased the same subject to the plaintiff's prior rights therein, and therefore that he held possession of the said $1,000 note in trust for the plaintiff, and that the plaintiff was entitled to judgment barring the defendant Lybrand from any right in said lands and premises, and requiring him to deliver up the $1,000 note to the plaintiff. From judgment in accordance with these findings, defendant Lybrand appealed to this court, and he having died after such appeal was taken, testate, his executor, R. C. Lybrand, has been substituted as the party appellant in this court.

*Grant L. Miner,* for the appellant.

For the respondent there was a brief by *W. S. McCorkle* and *A. R. Bushnell,* and oral argument by *Mr. Bushnell.*

WINSLOW, J. The simple question in the present case is, Which party has the better title to the $1,000 note? Whoever owns the note owns the mortgage, because the note is the principal thing, and the mortgage being an accessory. *Hitchcock v. Merrick,* 18 Wis. 357. The note in this case was on its face a negotiable promissory note; and it is settled in this state that a negotiable promissory note secured by mortgage may be transferred before maturity, like other negotiable paper, and the holder takes it with its accompanying security, discharged of existing equities. *Kelley v.*

*Whitney,* 45 Wis. 110; *W. W. Kimball Co. v. Mellon,* 80 Wis. 133. The question is therefore purely one of the owner-ship of negotiable paper. The plaintiff claims under assign-ments indorsed on the mortgage, he never having seen or had possession of the note. The appellant claims under a subse-quent transfer by indorsement and delivery of the note to his testator, nothing appearing thereon to indicate any pre-vious transfer. It is very plain that the appellant's title must be the better, because the negotiable paper itself was actually transferred and delivered to his testator, unless such testator is charged with knowledge of the previous dealings with the plaintiff. He had no actual knowledge of such dealings, but it is said that the fact that Wallace did not have the mortgage was sufficient to charge him with such knowledge. It was long ago held by this court, quoting from the supreme court of the United States, that in such cases, "as with negotiable paper, mere suspicion that there may be defect of title in its holder, or knowledge of circumstances which would excite suspicion as to his title in the mind of a prudent man, is not sufficient to impair the title of the pur-chaser. That result will only follow where there has been bad faith on his part." *Kelley v. Whitney, supra.* There is absolutely nothing in the case to show bad faith on the part of Lybrant. He purchased the note before due, for a sub-stantially adequate compensation, and after searching the records to ascertain whether any assignment of the mortgage had been recorded. The position of the plaintiff is unfor-tunate, but the result has come from his neglect in allowing the note to remain in Wallace's hands. By so doing he left the apparent title with Wallace, and enabled him to do just what has been done here. If he were allowed now to defeat the subsequent innocent purchaser of the security, he would take advantage of his own inexcusable neglect.

*By the Court.*—Judgment reversed, and action remanded with directions to dismiss the complaint.