THOMAS GUCKIAN *vs.* ROBERT NEWBOLD.

PROVIDENCE—FEBRUARY 5, 1902.

PRESENT : Stiness, C. J., Tillinghast and Rogers, JJ.

(1)  *Promissory Notes.   Evidence.*

An irregularity in the introduction of evidence is not sufficient ground for a new trial, where the whole matter was gone into before the jury.

(2)  *New Trial.   Evidence.*

A new trial will not be granted because of the admission of immaterial and irrelevant evidence, where the answers could not have prejudiced the party excepting.

(3)  *Demand Notes.   Overdue.   Questions of Law.*

Where the facts are few, simple, and undisputed, the question as to what is a reasonable time within which a demand note is overdue for purposes of negotiation is one of law for the court.

(4)  *Demand Notes.   Overdue for Purposes of Negotiation.*

A demand note providing for interest, which has run for eighteen months with no apparent reason for non-payment, and no payment of interest, must be taken as overdue for the purposes of negotiation.

Explaining *Guckian* v. *Newbold*, 22 R. I. 279.

(5)  *Jurors.   Objections to Waived by going to Trial.*

Where a party goes to trial without inquiring as to the qualifications of a juryman, after verdict a new trial will not be granted on the ground that the juror was disqualified to serve.

ASSUMPSIT on promissory note. Heard on petition of plaintiff for new trial, and petition denied. See *Guckian* v. *Newbold*, 22 R. I. 279.

STINESS, C. J. The plaintiff sues upon a promissory note alleged to have been given by the defendant to Michael Kerr, while the latter and the defendant were copartners, for the sum of $1,378, payable on demand, at the rate of six per cent. per annum, dated September 26, 1896, and endorsed over to the plaintiff April 11, 1898.

A verdict having been rendered for the defendant, the plaintiff now petitions for a new trial upon the grounds that the verdict was against the evidence and that erroneous rulings were made by the trial judge.

We are of opinion that there was evidence sufficient to sustain the verdict.

(1)      The first exception relates to the cross-examination of the plaintiff's witness, who was offered simply to prove the signature and endorsement of the note in suit.

The defendant was allowed to cross-examine upon the consideration of the note. While this was irregular, it is not a sufficient ground for a new trial, because, as the whole matter was gone into before the jury, the order in which the testimony was given could not affect its weight or character. The court does not see how it could prejudice the plaintiff whether the testimony of his own witness went in at one time or another.

(2)      The second exception was to allowing the defendant to ask the cashier of a bank, with whom the parties had business, to whom the credit on other notes of the firm of Kerr & Newbold was given. The admission of this testimony was erroneous for the reason set forth by the plaintiff, that it was irrelevant and immaterial. But this very fact shows that it is not a ground for a new trial. The court is unable to see, and it is not stated, how the answers could have influenced the jury improperly or have prejudiced the plaintiff in making out his case.

(3)    The third exception is to the charge that interest was payable on the note annually.

Two defences were relied on at the trial. First, that the defendant never signed the note ; and, second, that if it was found that he did, there was no consideration for it. On this last point it was claimed that the note was overdue and that the plaintiff took it subject to the equities between the defendant and Kerr, the nominal payee.

The instruction complained of was in connection with the latter question. When the case was before the court on the former petition for a new trial by the defendant, 22 R. I. 279, we held that from the length of time the note had run, and the fact that it had not been recognized as a subsisting obligation by the payment of interest, the note was overdue and subject, in the hands of the plaintiff, to the equities between the original parties ; assuming that the words "with interest" were to be supplied before the words "at the rate of."

Inadvertently, we said that Kerr had held it for a year and a half, the defendant being amply able to pay, and had "received no interest on it, according to its tenor."

We also said : "The non-payment of annual interest would clearly render the note overdue in the hands of the plaintiff, and therefore subject to the equities between the original parties."

What the court had in mind was this : That when a demand note has run so long, with no apparent reason for delay, and when, in addition, the note provided for interest, which most men expect to receive at least once a year, and the payment of which would have recognized the obligation, but none was paid, the note must be taken as overdue.

The language used to express this opinion was neither apt nor clear. It is open to the inference made by the trial judge —that the terms of the note required an annual payment of the interest. This court did not so intend. We agree with the rule, claimed by the plaintiff, that interest payable at a rate *per annum*, without more, is due only when the principal is due, and that the mere fact of non-payment of inter-

est will not be regarded as the dishonor of a note.  16 Am. & Eng. Ency. Law, 2nd ed. p. 1071 ; *Koehring* v. *Muemming-hoff*, 61 Mo. 403 ; *Patterson* v. *Hatcher*, 16 O. St. 348 ; *Mat. Bank* v. *Kirby*, 108 Mass. 497 ; *Kelley* v. *Whitney*, 45 Wis. 110 ; *Cromwell* v. *Sac. Co.*, 96 U. S. 51 ; 1 Dan. on Neg. Inst. § 787 ; Bigelow on Bills and Notes, 442 ; Perley on Int. 10.

The instruction excepted to was erroneous, but the responsibility for it rests with the writer of this opinion and not with the trial judge.  *Kelley* v. *Whitney* was similar in this respect.  In this case, however, the error was harmless, and it affords no ground for a new trial.  The point involved was whether the plaintiff took the note subject to the equities of the original parties.  If he did, it could make no difference to the verdict whether he was chargeable with notice from the terms of the note itself or from non-payment of interest. The charge was that the note was to be taken by the jury as overdue ; and this was correct, whatever reason was given for it.

There has been considerable difference of opinion about the time when a demand note is to be taken as overdue.

(4)    It was first decided in this State in *Atlantic Co.* v. *Tredick*, 5 R. I. 171, in which Ames, C. J., said : "There is no case in this country which has gone so far as to hold such a note, when negotiated by the payee upwards of a year after its date, to be free from these equities in the hands of the holder."

In *Bacon* v. *Harris*, 15 R. I. 599, Durfee, C. J., said : "The rule in this country is that a note payable on demand is overdue for the purposes of negotiation within a reasonable time ; and what constitutes such reasonableness of time cannot be determined by any fixed and exact rule, but must depend upon the circumstances of each case.

"Whether what is a reasonable time is a question of law for the court, or a question of fact for the jury, is a matter which has been a good deal controverted, but undoubtedly the better view is that it is a mixed question of law and fact, and that, except where the facts are few, simple and

undisputed, in which case the court shall decide, it should be left to be decided by the jury, under the direction of the court, upon the particular circumstances of the case."

In that case the question was left to the jury because endorsements of interest appeared on the note extending beyond the time when the plaintiff bought it, and the authority to make such endorsements, as well as the payments themselves, being denied, a question of fact for the jury clearly appeared. If there had been no such payments of interest, thereby admitting the defendant's liability, the consequence would be the note, which was nearly two years old when transferred, would be held to be overdue and subject to equities.

In the present case the facts are "few, simple and undisputed." There had been no demand and no payment of interest or other acknowledgment of the note.

Upon the authority of these two cases, the only ones upon this subject which have been reported in this State, and in view of the long time that they have stood unquestioned, we consider our law to be settled. Therefore, whether the plaintiff took the note subject to the equities is, in this case, a question of law ; and from the age of the note, unaffected by explanatory circumstances, it is to be regarded as overdue. This was the basis of the former decision, and we see no reason to change it.

Another exception by the plaintiff is to the refusal to charge the jury that if the note was given to make the parties equal in their cash contributions it amounted to a stated account covering the deficit, and amounted to the formation of a new copartnership upon a new basis, so that the note was not to be subject to any accounting between the partners.

We think that this request was rightly refused for want of testimony on which to base it as to the inference of a new copartnership. We so stated in our former opinion, and the testimony at this trial was not substantially different.

Other exceptions are sufficiently covered by what we have already said.

(5)   The petition also sets forth, as ground for a new trial, that

a juror impaneled to try the case had become a bankrupt, and was such at the time of the trial, and so disqualified to serve as a juror because he had ceased to be a taxpayer.

This point is covered by *Ryan* v. *Riverside Mills*, 15 R. I. 436 ; *State* v. *Cosgrove*, 16 R. I. 411.

Petition for a new trial denied.

*John W. Hogan*, for plaintiff.

*Henry W. Hayes*, for defendant.