**OLIVER v. GARLICK. SAME v. KITCHENS et al. BANK OF SPARTA et al. v. OLIVER et al.**

(Circuit Court of Appeals, Fifth Circuit. October 11, 1924.)

Nos. 4269–4271.

**1. Bankruptcy ⊙⇒461—Appeals held perfected within statutory time.**

Where judge filed paper, styled an opinion, on September 28, but did not enter final orders on review of rulings of referee in bankruptcy till December 15, *held*, appeals perfected

within statutory time after December 15 would not be dismissed.

**2. Bills and notes ⟺337—One acquiring mercantile paper before maturity for value acquires good title; notwithstanding knowledge of facts causing suspicion of transferor's rights.**

One acquiring mercantile paper for value before maturity from one apparently the owner obtains good title, though he may know facts causing him to suspect transferor had no interest in or authority to use it for his own benefit, and though by ordinary diligence he could have ascertained those facts.

**3. Bills and notes ⟺362—Purchasers of notes held to acquire good title, notwithstanding seller's knowledge of facts adversely affecting such title.**

Purchasers of notes from bank for value before maturity *held* to acquire goood title thereto. though bank knew that its transferors had acquired notes without paying value for them.

**4. Payment ⟺39(6)—Proceeds of insurance on property covered by trust deed securing notes held improperly applied by bank on indebtedness other than notes.**

Where proceeds of insurance on property were paid to trustee named in trust deed securing notes, and by him turned over to a bank holding part of such notes, *held* such proceeds should be applied on notes, and not on other unsecured indebtedness.

Appeals from the District Court of the United States for the Southern District of Georgia; Samuel H. Sibley, Judge.

In the matter of the bankruptcy of the Tennille Yarn Mills. From a judgment allowing claims of Carrol Garlick, as executor of the estate of G. H. Williams, deceased, and C. W. Kitchens and W. C. McCarver, administrators of the estate of I. J. Gay, and denying a claim of the Bank of Sparta and T. R. Bennett, Superintendent of Banks of Georgia, W. B. Oliver, trustee in bankruptcy, and the last-named claimant appeal. Judgments affirmed.

James M. Hull, Jr., of Augusta, Ga. (Hull, Barrett & Willingham, of Augusta, Ga., on the brief), for Oliver and others.

E. H. Callaway, of Augusta, Ga., and John A. Sibley, of Atlanta, Ga. (Callaway & Howard, of Augusta, Ga., on the brief), for Garlick, Kitchens and McCarver.

John A. Sibley, of Atlanta, Ga., and Jos. E. Pottle, of Milledgeville, Ga. (Allen & Pottle, of Milledgeville, Ga., and Spalding, MacDougald & Sibley, of Atlanta, Ga., on the brief), for Bennett and Bank of Sparta.

Before WALKER, BRYAN, and KING, Circuit Judges.

KING, Circuit Judge. These were three claims in the matter of Tennille Yarn Mills, bankrupt, presented as secured debts, all of which were disallowed by the referee. On objection, the District Judge reversed the ruling of the referee as to the claims of G. H. Williams and I. J. Gay. A paper, subsequently styled by the judge an opinion, so holding, was filed on the 28th of September, 1923. On the 15th day of December, final orders were entered in each of said claims, reversing the referee as to the claims of Williams and Gay, and affirming him as to the claim of the Bank of Sparta.

[1] A motion was made in this court to dismiss the Williams and Gay appeals, as not taken within the time prescribed by the statute from the 28th of September. As the judge treated said writing of September 28th as an opinion, granted subsequently final judgments which are appealed from in this matter, and as we are affirming said judgments, we accept the judge's construction of said writing of September 28th, and treat the appeals as properly taken from the final judgments of December 15th, and the motion to dismiss the appeals in the Williams and Gay cases is overruled.

The claims propounded in said Williams and Gay cases are based on bonds of the Tennille Yarn Mills, which were purchased by them, respectively, from the Jefferson County Bank and the Bank of Gough. It appears that said banks obtained said papers from one Robert Holmes, who was president of the Tennille Yarn Mills, in exchange for certain individual notes of Holmes and others, which they held and to which the state banking officials were making exceptions, and that said banks knew that said Holmes had obtained said notes of said Yarn Mills without paying for the same. It further appears that said Williams and Gay, respectively, purchased said notes for full value from said respective banks, and while it appears from the evidence that Williams and Gay knew that the banks had received said paper in exchange for said Holmes' and others' notes, it does not appear that they knew that Holmes had taken said papers from said Yarn Mills without paying for the same. The notes of the Yarn Mills which these parties took were a series of $75,000 of notes of $1,000 each, payable to bearer, secured by a mortgage or deed of trust upon its property made to one B. Ohlman, as trustee. Walker and Gay were president and vice president, respectively, of the banks, but it does not appear that they were active in the management thereof.

[2] It has been decided by this court that "it has been settled in the courts of the

United States since the leading case of Goodman v. Simonds, 20 How. 343, that one who acquires mercantile paper before maturity from another, who is apparently the owner, giving a consideration for it, obtains a good title, though he may know facts and circumstances that would cause him to suspect, or would cause one of ordinary prudence to suspect, that the person from whom he obtained it had no interest in or authority to use it for his own benefit, and though by ordinary diligence he could have ascertained those facts. Swift v. Smith, 102 U. S. 442; King v. Doane, 139 U. S. 166, 11 Sup. Ct. Rep. 465." Bank of Edgefield v. Farmers' Co-operative Mfg. Co., 52 Fed. 98, 103, 2 C. C. A. 637, 646.

In the present case it was uncontradicted that both Williams and Gay paid full value for the notes of the Yarn Mills purchased by them. W. C. Marion, who as its cashier represented the Jefferson County Bank and acquired these notes for the Jefferson County Bank, testified: "To the best of my recollection I didn't tell Capt. Williams that Holmes and his associates had not paid for them. He and his lawyer at Louisville went over the bonds and security deed, a certified copy, and were satisfied that they were in the proper shape."

C. W. Kitchens, its cashier, who secured these Yarn Mills notes for the Bank of Gough, and who sold them to Gay, testified: "I supposed that the notes belong to Mr. Hollis, Mr. Holmes, and his associates. * * * Mr. Gay * * * knew none of the facts or circumstances at all."

[3] The Supreme Court of the United States has held: "That fact [payment of the full value thereof] being established, he will be entitled to recover, unless it is proved that he purchased with actual notice of defect in title, or in bad faith, implying guilty knowledge or willful ignorance." King v. Doane, 139 U. S. 166, 173, 11 S. Ct. 465, 467 (35 L. Ed. 84). This not being shown in this case, we think the title of Williams and Gay to these Yarn Mills notes is established.

[4] As to the claim of the Bank of Sparta, the deed of trust securing these notes contained a clause making the insurance thereon payable, in the case of loss, as interest should appear, to the trustee, Ohlman. A fire occurred by which the mortgaged property was damaged. Ohlman, as trustee, collected a sum of insurance in excess of $20,000, and the check therefor,

which was payable to him as trustee, was procured by Holmes, the president of said bank, to be indorsed by Ohlman, trustee, and delivered to the Bank of Sparta. The bank applied the sum in payment of debts other than the mortgage notes which it held. The referee and the court below held that the bank had no such right, and that the same should have been applied by it, and would be in this contest applied, to the payment of said Yarn Mills notes which were thus paid. We think that this ruling was correct, and we therefore affirm the judgment of the court below, holding that the Bank of Sparta is not entitled to recover on this claim. The court below treated this application of this sum to these Yarn Mills notes as reviving the debt of the bank, paid by the application of the sum of money now applied to the notes, and ruled that the bank is entitled to an unsecured claim for the amount of said revived debt. This, we think, accorded to the bank the full measure of its rights.

Judgment in said three cases affirmed.